**Leslie Walpole PROCTOR, etc., et al., Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. CV 83–3415 AWT.**

United States District Court, C.D. California.

Aug. 21, 1984.

Wallace E. Maloney, Philip M. Foss, Lord, Bissell & Brook, Los Angeles, Cal., for plaintiffs.

Robert C. Bonner, U.S. Atty., Los Angeles, Cal., Richard K. Willard, U.S. Atty., Los Angeles, Cal., Gary W. Allen, Asst. Dir. Torts Branch, Civil Div., Cecile Hatfield, Trial Atty., Torts Branch, Civil Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM ORDER OF DISMISSAL

TASHIMA, District Judge.

This is an action for property damage and indemnity arising out of a tragic airplane accident. Plaintiffs are insurers who entered into a contract with Saudi Arabian Airlines Corp. ("SAA") to insure a certain Lockheed Tri-Star L–1011 aircraft, registration number HZ–AHK (the "aircraft", or "plane"), for damage to the aircraft and for liability arising out of its ownership and use. Plaintiffs allege that on August 19, 1980, the aircraft was on a regularly scheduled flight between Riyadh and Jeddah, Saudi Arabia, when a fire broke out in the aft part of the plane. The plane returned to Riyadh airport, but was consumed by flames. All 301 persons on board the flight were killed.

Plaintiff insurers allege that they have paid to their insured, SAA, $45 million in full settlement of loss of the aircraft and over $7 million in good faith settlements of wrongful death claims. Plaintiffs bring this action as subrogees of SAA for its claims for property damage and indemnification for payments in settlement of the wrongful death claims. Jurisdiction is invoked under the Federal Torts Claim Act, 28 U.S.C. §§ 2671, *et seq.* ("FTCA").

Plaintiffs claim liability on the part of the United States for the alleged "failure" of employees of the Federal Aviation Administration ("FAA") "to properly inspect" the aircraft for compliance with FAA regulations, resulting in the negligent issuance of a type certification for the aircraft. In its answer, the United States denied plaintiff's allegations of negligence and asserted, *inter alia*, as an affirmative defense, lack of subject matter jurisdiction, pursuant to 28 U.S.C. § 2680(a), which bars claims against the United States for discretionary acts of its employees, whether or not the discretion involved is abused.

Recently, in two actions against the FAA "for its alleged negligence in certificating aircraft for use in commercial aviation" the Supreme Court held that the actions were "barred by the discretionary function exception." *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 104 S.Ct. 2755, 2769, 81 L.Ed.2d 660 (1984) ("*Varig* "). Before the Court is the government's motion to dismiss; the sole issue raised by the motion is whether *Varig* is controlling.

The Court stated broadly that it granted certiorari in the two cases "to determine whether the United States may be held liable under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.*, for the negligence of the Federal Aviation Administration in certificating ... aircraft for use in commercial aviation." *Id.*, 104 S.Ct. at 2758. In one case, a fire in the lavatory of a commercial jet resulted in the death of most of its passengers. Plaintiff alleged that the Civil Aeronautics Agency, the FAA's predecessor, had been negligent when it conducted an inspection and issued a type certificate for an aircraft which did not comply with applicable fire standards. The second case concerned an airplane crash which resulted from an improperly installed heater and the government's alleged negligence in certificating the heater. In holding that both actions were barred by the discretionary function exception, the Court stated that the exception "plainly was intended to encompass the discretionary acts of the Government acting in its role as a regulator of the conduct of private individuals." *Id.* at 2765.

The Court then summarized the FAA's regulatory activities:

> In the exercise of this discretion, the FAA, as the Secretary's designee, has devised a system of compliance review that involves certification of aircraft design and manufacture at several stages of production.... The FAA certification process is founded upon a relatively simple notion: the duty to ensure that an aircraft conforms to FAA safety regulations lies with the manufacturer and operator, while the FAA retains the responsibility of policing compliance. Thus, the manufacturer is required to develop the plans and specifications and perform the

inspections and tests necessary to establish that an aircraft design comports with the applicable regulations; the FAA then reviews the data for conformity purposes by conducting a "spot check" of the manufacturer's work.

*Id.* at 2766–67. The Court concluded that the ultimate responsibility for aircraft safety, and the commensurate liability for aircraft accidents resulting from a breach of that duty, rested with the aircraft manufacturer rather than with the government: "The FAA has a statutory duty to *promote* safety in air transportation, not to insure it." *Id.* at 2769 (emphasis in original).

Plaintiffs contend that *Varig* is distinguishable because *Varig* addressed only the propriety of the FAA's "spot check" system. Here, plaintiffs do not challenge the propriety of that system, but contend that an inspection, which is alleged actually to have been performed, was performed negligently. Plaintiffs first note that the Court stated:

> From the records in these cases there is no indication that either the Boeing 707 trash receptacle or the DeHavilland Dove cabin heater was actually inspected or reviewed by an FAA inspector or representative.... Respondents thus urge in effect that the negligent failure of the FAA to inspect certain aspects of aircraft type design in the process of certification gives rise to a cause of action against the United States under the [FTCA].

*Id.* at 2766. Plaintiffs then argue that since they do not allege failure to inspect as did respondents in *Varig*, but allege a negligently performed inspection, the holding in *Varig* does not preclude this action. I must disagree.

Although plaintiffs may well accurately characterize the position of respondents in *Varig*, it is clear that the Court adopted the much broader position urged by the government; that is, that the entire FAA certification *process* is immune from potential tort liability. Thus, the Court agreed with the government that "the discretionary function exception precludes a tort ac-

tion based upon the *conduct of the FAA in certificating these aircraft* for use in commercial aviation." *Id.* (emphasis added).

Plaintiffs contention that *Varig* addressed only the propriety of FAA policy directives, rather than employee conduct in effectuating such directives, is contrary to the opinion.

It follows that the acts of FAA employees in executing the "spot check" program in accordance with agency directives are protected by the discretionary function exception as well. *See Dalehite v. United States*, 346 U.S. [15] at 36 [73 S.Ct. 956, 968, 97 L.Ed. 1427]. The FAA employees who conducted compliance reviews of the aircraft involved in this case were specifically empowered to make policy judgments regarding the degree of confidence that might reasonably be placed in a given manufacturer, the need to maximize compliance with FAA regulations, and the efficient allocation of agency resources.

*Id.* at 2768.

Plaintiffs' claim of negligent inspection is, in essence, a claim that the FAA should have conducted a more careful or thorough inspection of the aircraft system alleged to have caused the fire. However, *Varig* insulates from liability the discretionary judgment of FAA employees as to the degree of manufacturer oversight deemed necessary in a given certification. This discretionary judgment encompasses decisions to thoroughly check, cursorily check, or not to check at all a particular aircraft or system in order to police compliance with the applicable FAA regulations. Liability simply may not be placed on the FAA in the certification process, as its role merely is to provide incentive, in addition to that provided by prospective tort liability, for manufacturers to manufacture safe airplanes.

A contrary holding would lead to the anomolous situation where the FAA would be immune from liability under *Varig* if it certificated an aircraft without inspection, but would be subject to liability for any certificated aircraft it did inspect. This

would tend to encourage the FAA to inspect as few aircraft as possible, and would run counter to the FAA's statutory responsibility to promote safety in air transportation and to the public interest. It is the kind of judicial second guessing *Varig* counsels courts to avoid:

> Judicial intervention in such decisionmaking through private tort suits would require the courts to "second-guess" the political, social, and economic judgments of an agency exercising its regulatory function. It was precisely this sort of judicial intervention in policymaking that the discretionary function exception was designed to prevent.

*Id.*

For the foregoing reasons, I conclude that *Varig* is controlling; the discretionary function exception to FTCA jurisdiction precludes this action. Defendant's motion is granted and the action is DISMISSED.