**Richard W. HELLER, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 82–812–CIV–T–17.**

United States District Court,
M.D. Florida,
Tampa Division.

Sept. 18, 1985.

Arthur F. McCormick, South Miami, Fla., and Joseph, Powell, McDermott & Reiner, P.C., Washington, D.C. by Mark T. McDermott and Arvind K. Lal, for plaintiff.

Dennis I. Moore, Asst. U.S. Atty., Tampa, Fla., for defendant, the U.S.; Walter Andrew Welch, Jr., Washington, D.C., of counsel.

## MEMORANDUM OPINION

KOVACHEVICH, District Judge.

Plaintiff, Richard W. Heller, a commercial airline pilot, is seeking damages alleging that the Defendant, acting through the Federal Aviation Administration (FAA), was negligent in denying him an airman's medical certificate that was needed by the Plaintiff to retain his commercial airline pilot's license. This cause is before the Court on the Defendant's, United States, motion to dismiss for lack of subject matter jurisdiction.

### JURISDICTION

Jurisdiction for this action is pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b), § 2671 *et seq.*

### BACKGROUND

For the purposes of this motion, the Defendant accepts as true Plaintiff's allegations in the complaint. *Wyatt v. Kaplan,* 686 F.2d 276, 282 n. 13 (5th Cir.1982). Plaintiff was and is an airline pilot holding a transport pilot certification Number 1282810 reissued July 1, 1980 by the Federal Aviation Administration. In connection with such certificate, the Plaintiff had a first-class medical certificate issued December 23, 1971. Pursuant to federal air regulation requirements, Plaintiff had Dr. Cheng Yee Teng notify his FAA medical examiner of an unusual physical problem, February 8, 1972. Upon receipt of this notification, the aviation medical examiner, acting under the authority of 14 C.F.R. Section 67.25, withdrew the issuance of the medical certificate and denied Plaintiff's recertification February 11, 1972. Therefore, Plaintiff could not be employed as a commercial airline pilot.

Plaintiff's reapplication was denied January 10, 1973 and February 4, 1974. Plaintiff petitioned for an exemption pursuant to

Section 67.13(e)(1)(i) of Part 67 of the Federal Aviation Regulations and was denied by the Federal Air Surgeon April 2, 1975, December 4, 1975, and November 11, 1976. Thereafter, on January 30, 1980, the Department of Transportation Federal Aviation Administration accepted a letter from Dr. Richard L. Masters as a petition on behalf of Plaintiff and as requesting exemption from Part 67 of the Federal Aviation Regulations. On April 22, 1980, the Federal Air Surgeon determined Plaintiff qualified for a First-Class Airman Medical Certificate.

Plaintiff maintains that the suspension of his medical certificate was caused by the careless and negligent investigation, data collection, data production, and diagnostic procedures and activities of agents and employees of the FAA. Defendant maintains that the Supreme Court decision in *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), et al.,* 467 U.S. 797, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984) excepts the entire FAA medical certification process as a discretionary function, 28 U.S.C. § 2680(a), precluding liability under 28 U.S.C. § 1346(b).

The issue before this Court is whether the entire FAA medical certification process is a discretionary function excepted by 28 U.S.C. § 2680(a), thereby precluding liability under 28 U.S.C. § 1346(b).

## DISCUSSION

The Federal Aviation Act, 49 U.S.C. §§ 1301–1542, is designed to promote safety in air commerce. The Act directs the Administrator of the FAA to investigate each airman to insure that he possesses proper qualifications for, and is physically able to perform the duties pertaining to the position for which the airman certificate is sought. 49 U.S.C. § 1422(b). In carrying out this duty, the Administrator requires a pilot to obtain a medical certificate as a condition to the issuance of an airman's certificate. The Administrator has delegated statutory authority pertaining to medical certification to the Federal Air Surgeon

49 U.S.C. § 1344(d); 14 C.F.R. Sections 67.-13, .15, .17 (1982).

The FAA issues medical certificates in three classes. The Federal Aviation Regulations set forth the medical standards for each class of certificate. A captain of a commercial aircraft must have a first-class medical certificate. A co-pilot or flight engineer must have at least a second-class certificate. A third-class medical certificate will allow an airman to fly only as a private pilot.

Discretionary functions are excepted from the Federal Tort Claims Act, pursuant to 28 U.S.C. § 2680(a). The Supreme Court holds the entire commercial aircraft certification process to be excepted pursuant to § 2680(a). *Varig,* 81 L.Ed.2d at 660. The Supreme Court stated that "as in *Dalehite* [*v. U.S.,* 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427], it is unnecessary—and indeed impossible—to define with precision every contour of the discretionary function exception ... first, it is the nature of the conduct, rather than the status of the act, that governs whether the discretionary function exception applies in a given case ... thus, the basic inquiry concerning the application of the discretionary function exception is whether the challenged acts of a government employee—whatever his or her rank—are of the nature and quality that Congress intended to shield from liability ... second, whatever else the discretionary function may include, it plainly was intended to encompass the discretionary acts of the government acting in its role as a regulator of the conduct of private individuals." 467 U.S. at ——, 104 S.Ct. at 2765, 81 L.Ed.2d at 674.

The FAA's implementation of a mechanism for medical certification, as well as aircraft certification, issuance, review, and reissuance, is plainly a discretionary activity of the nature and quality protected by § 2680(a). *Cf. Wendler v. United States,* 606 F.Supp. 148 (D.Kan.1985); *Joseph E. Seagram & Sons, Inc. v. United States* (S.D.Ind.1985) [CV 82–900–C, January 7, 1985]; *Proctor v. United States,* 622 F.Supp. 10 (C.D.Cal.1984). Medical licens-

ing authority of the FAA is clearly a role where the government is acting "as regulator of the conduct of private individuals." To hold the entire FAA medical certification process as not excepted would handicap efficient government operations. Furthermore, a decision to not except such medical determinations by the surgeon would be to place these determinations in constant jeopardy to potential tort suits. The safer policy, and thereby the better policy, is to err in favor of grounding a pilot of suspect qualification, thereby fulfilling a greater responsibility to the public at large, than to the individual pilot. Furthermore, the individual acts and decisions in issuing and suspending, or reissuing, a medical certificate and commercial pilot certificate are discretionary conducts of a policy and decision making nature intended to be excepted by § 2680(a). Accordingly, it is

ORDERED that the Defendant's motion to dismiss be and hereby is granted. The Clerk of this Court is directed to enter final judgment in accord with this Order.