**Leslie Walpole PROCTOR, et al. Plaintiffs-Appellants,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 84–6339.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 1985.

Decided Jan. 28, 1986.

---

Hugh C. Griffin, Lord & Bissell, Los Angeles, Cal., for plaintiffs-appellants.

Gary W. Allen, Trial Atty., Torts Branch, Civil Div., U.S. Dept. of Justice, Washington, D.C., for defendant-appellee.

Before: WRIGHT, ALARCON, and NORRIS, Circuit Judges.

PER CURIAM:

This is an action brought under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–80 (1982), for damages for loss of an L–1011 aircraft which was destroyed by a fire that originated in the cargo compartment. Plaintiffs base their claim that the government is liable on the allegation that the Federal Aviation Administration (FAA) negligently inspected the cargo compartment for fire safety in the process of certificating the aircraft. The district court, 622 F.Supp. 10, dismissed the action pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction, ruling that the action was barred by sovereign immunity because the FAA's conduct in certificating the aircraft fell within the discretionary function exemption of the FTCA. 28 U.S.C. § 2680(a) (1982). We affirm.

In our view this case is controlled by *United States v. S.A. Empresa de Viacao* *Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984), and *Natural Gas Pipeline Company of America v. United States*, 742 F.2d 502 (9th Cir.1984). In *Varig* plaintiffs alleged that FAA inspectors negligently failed to inspect the lavatory trash receptacle during an inspection of plaintiffs' aircraft, resulting in the spread of a fire inflight and the destruction of the aircraft. The Supreme Court ruled that both the FAA decision to apply a "spot-check" system of compliance review, and the application of the "spot-check" system to the particular aircraft were protected by the discretionary function exemption. 104 S.Ct. at 2768. The Court reasoned that since the extent of a given inspection is entirely within the discretion of the FAA employee on-site there could be no governmental liability under section 2680(a). 104 S.Ct. at 2767–68.

In *Natural Gas Pipeline* this court held that *Varig* was controlling precedent in a case involving alleged FAA negligence in failing to discover defects in an aircraft modification process during periodic inspections of a modification plant. Our court, citing *Varig*, held that a "challenge to the FAA's execution of its responsibility by failing to discover the defects sooner and failing to adequately monitor the [aircraft manufacturing] operation is barred by the discretionary function exception [to the FTCA.]" 742 F.2d at 504–05.

Plaintiffs attempt to distinguish *Varig* and *Natural Gas Pipeline* on the ground that this case involves alleged FAA negligence in the actual inspection of a discrete part of the aircraft, namely, the cargo compartment. We disagree that this is a legally significant distinction. Although *Varig* involved an alleged negligent failure to inspect, the Supreme Court wrote broadly in concluding that "the discretionary function exception precludes a tort action based on the conduct of the FAA in certificating ... aircraft for use in commercial aviation." 104 S.Ct. at 2766. In *Natural Gas Pipeline* our court held that *Varig* controls a case of alleged negligence in conducting

actual inspections for certification of a modification plant. We now hold that *Varig* also controls alleged FAA negligence in the actual inspection of discrete parts of an aircraft.

AFFIRMED.