**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 13 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVID WALLACE, an individual; KRIS WALLACE, an individual; CONCRETE PAVING CONTRACTORS INC., a California corporation,

        Plaintiffs - Appellants,

  v.

UNITED STATES OF AMERICA DEPARTMENT OF TRANSPORTATION; FEDERAL AVIATION ADMINISTRATION; ROBINSON HELICOPTER COMPANY INC., a California corporation; FRANK ROBINSON, an individual; JOAN MORTON, an individual, AKA Ingrid J. Morton,

        Defendants - Appellees.

No. 08-56086

D.C. No. 5:07-cv-01529-VAP-OP

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

---

     [*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted November 4, 2009[]
Pasadena, California

Before: SCHROEDER, BERZON and IKUTA, Circuit Judges.

David Wallace was a passenger in a helicopter owned by the corporation of which he is the president, Concrete Paving Contractors ("Concrete Paving"), and manufactured by Robinson Helicopter Company ("Robinson"), when it crashed in May 2005. The helicopter caught fire after impact, and Wallace was badly burned. Wallace brought suit against Robinson and the United States Department of Transportation under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), on behalf of himself, Concrete Paving, and his wife (all hereafter "Wallace"). Wallace alleges that the helicopter's fuel system was not "crashworthy" as required by 14 C.F.R. § 27.952 and that the Federal Aviation Administration ("FAA") was negligent both in permitting Robinson to manufacture unsafe helicopters prior to the implementation of § 27.952 and in failing to revoke such certificates after the implementation of that regulation. Wallace also alleges that the FAA was negligent in designating Ingrid Morton, a Robinson employee, as a Designated Manufacturing Inspection Representative ("DMIR").

---

[**] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court found that the claims fell within the discretionary function exception of the FTCA, 28 U.S.C. § 2680, and that the court therefore lacked subject matter jurisdiction. As Wallace has failed to identify any mandatory regulation violated by the FAA, his allegations are clearly controlled by our cases holding that FAA decisions pertaining to aircraft certification fall within the discretionary function exception. We affirm.

We review de novo the district court's decision to dismiss for lack of subject matter jurisdiction under the discretionary function exception. *Terbush v. United States*, 516 F.3d 1125, 1128 (9th Cir. 2008). In determining whether a claim otherwise permissible under the FTCA is precluded by the discretionary function exception, we first consider whether the act in question "involv[es] an element of judgment or choice," and if so, "whether that judgment is of the kind that the discretionary function exception was designed to shield." *United States v. Gaubert*, 499 U.S. 315, 322–23 (1990) (quoting *Berkovitz v. United States*, 486 U.S. 531, 536 (1988)). To survive a motion to dismiss, a complaint "must allege facts which would support a finding that the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime." *Id.* at 324–25.

In *United States v. S.A, Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797 (1984), the Supreme Court held that the discretionary function exception shielded the FAA from liability for its allegedly negligent failure to inspect unsafe components of aircraft before issuing type certificates. "When an agency determines the extent to which it will supervise the safety procedures of private individuals, it is exercising discretionary regulatory of the most basic kind." *Id.* at 819–20. Therefore, both the decision to implement a "spot-check" inspection system and the application of "spot-checking" to the aircraft in question were immune from liability under the FTCA. *Id.* at 819. Our circuit has followed *Varig* in cases alleging negligence in the aircraft certification process. *See GATX/Airlog Co. v. United States*, 286 F.3d 1168 (9th Cir. 2002) (holding that the FAA's methodology for issuing a supplemental type certificate fell within the discretionary function exception); *Proctor v. United States*, 781 F.2d 752 (9th Cir. 1986) (holding that *Varig* precluded claims of FAA negligence in inspecting specific parts of an aircraft); *Natural Gas Pipeline Co. v. United States*, 742 F.2d 502 (9th Cir. 1984) ("Appellants' challenge to the FAA's execution of its responsibility by failing to discover the defects sooner and failing to adequately monitor the [manufacturer's] operation is barred by the discretionary function exception.").

4

Wallace's claims are indistinguishable from those we have held to fall within the discretionary function exception. In essence, he challenges the FAA's decision to certify an aircraft that included an unsafe fuel system. We have held, however, that "[a]lthough *Varig* involved an alleged negligent failure to inspect, the Supreme Court wrote broadly in concluding that the discretionary function exception precludes a tort action based on the conduct of the FAA in certificating . . . aircraft." *GATX/Airlog*, 286 F.3d at 1176 (internal citations omitted).

Wallace contends that 14 C.F.R. § 27.952, which requires helicopters to be built with crashworthy fuel systems, imposes a duty of enforcement on the FAA. This argument lacks merit. First, Wallace concedes that Robinson applied for and received a type certificate before § 27.952 had become final. Moreover, even if § 27.952 had been in effect, it is not a "specific and mandatory regulation . . . which creates clear duties incumbent upon . . . government actors," as is required before we will conclude that a regulation renders a government act nondiscretionary. *GATX/Airlog*, 286 F.3d at 1177. Rather, § 27.952 imposes a duty on aircraft manufacturers. *See Varig.* 467 U.S. at 816 ("[T]he duty to ensure that an aircraft conforms to FAA safety regulations lies with the manufacturer, while the FAA retains the responsibility for policing compliance."). Finally, Wallace has pointed

5

to no regulation that would require the FAA to decertify the aircraft after the implementation of § 27.952.

Wallace's claim that the FAA was negligent in failing to ensure that Ingrid Morton, a Robinson employee, was qualified to serve as a DMIR also fails. Wallace acknowledges "the FAA's discretionary authority to designate Morton as a DMIR." Reframing the allegation as one related to failing to gather "the necessary background on Morton" does not remove this claim from the discretionary function exemption. *Cf. Berkovitz*, 486 U.S. at 542–43. The designation of DMIRs, like the certification of pilots addressed by this court in *Roundtree*, is a "method of assuring that the federal aviation regulations will be followed," and thus an "inherently policy-oriented decision that requires consideration of social and economic policies." *Roundtree v. United States*, 40 F.3d 1036, 1039 (9th Cir. 1994) (internal quotation omitted).

The district court thus properly dismissed Wallace's claims, and did not abuse its discretion in denying leave to amend. *See Allen v. Beverly Hills*, 911 F.2d 367, 373–74 (9th Cir. 1990).

AFFIRMED.