951 F.2d 360
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul C. HUDSON, as Trustee for the Paul C. Hudson, P.A.
Pension Trust, Plaintiff-Appellant,
v.
SHERWOOD SECURITIES CORPORATION, et al., Defendant,
and
Richard A. Eisner and Co., Defendant-Appellee.
Paul C. HUDSON, as Trustee for the Paul C. Hudson, P.A.
Pension Trust, Plaintiff-Appellant,
v.
RICHARD A. EISNER AND CO.; J. Leland Seely, Defendants-Appellees.
 No. 89-16259.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 15, 1991.
Decided Dec. 24, 1991.
 
 Before FLETCHER, WILLIAM A. NORRIS, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Paul C. Hudson appeals the district court's dismissal of his securities fraud action against Richard A. Eisner & Co. ("Eisner") and J. Leland Seely, the President of Zytrex Corporation ("Zytrex"). The district court dismissed Hudson's Fifth Amended Complaint without leave to amend pursuant to Fed.R.Civ.P. 9(b) and 12(b)(6), holding that Hudson failed to plead his claims with the required specificity. We affirm.
 
 
 3
 * Facts and Proceedings Below
 
 
 4
 Hudson is the trustee of the Paul C. Hudson, P.A. Pension Trust (the "Trust"). He alleges that in November and December of 1984, he met with the defendants to discuss the possibility of the Trust investing in Zytrex. Eventually, Hudson decided to purchase 1.6 million Zytrex shares for $800,000. He signed a Subscription Agreement dated February 5, 1985, and the private placement closed on February 28, 1985. In April 1985, Zytrex filed for protection under Chapter 11 of the Bankruptcy Code, and was ultimately liquidated under Chapter 7. Hudson lost his investment.
 
 
 5
 On January 2, 1986, Hudson filed a complaint in the United States District Court for the District of New Jersey. The original complaint was amended on February 25 and 26, 1986. By an order dated April 23, 1986, the action was transferred to the Northern District of California to "promote the convenience of the parties."
 
 
 6
 Hudson filed his Third Amended Complaint on February 13, 1987. Defendants Seely and Eisner moved to dismiss the complaint under Fed.R.Civ.P. 12(b)(6). The district court granted the motions with thirty days leave to amend, finding that the causes of action "based in fraud" failed to state a claim with the required particularity under Fed.R.Civ.P. 9(b). Further, the court found that the Rule 10b-5 claim failed to state a claim upon which relief could be granted. In doing so, the court provided Hudson with extensive guidance on what he was required to allege for the complaint to withstand a motion to dismiss.
 
 
 7
 On December 8, 1987, Hudson filed a Fourth Amended Complaint. The district court granted the defendants' motions to dismiss, with thirty days leave to amend because "Hudson had not met the pleading requirements that the court had painstakingly laid out for him."
 
 
 8
 Hudson filed the Fifth Amended Complaint (the "Complaint") on April 27, 1988. The complaint contained five claims:
 
 
 9
 (1) Section 12(1) of the 1933 Securities Exchange Act, 15 U.S.C. §§ 771(a) (against Seely only);
 
 
 10
 (2) Section 12(2) of the 1934 Securities Exchange Act, 15 U.S.C. § 771(2) (against Seely only);
 
 
 11
 (3) Section 10(b), 15 U.S.C. § 78; (b), and Rule 10b-5 promulgated thereunder at 17 C.F.R. § 240.10-5 (against Seely and Eisner);
 
 
 12
 (4) Fraud (against Seely and Eisner); and
 
 
 13
 (5) Breach of Fiduciary Duty (against Seely and Eisner).
 
 
 14
 The district court granted the defendants' motions to dismiss claims three, four, and five of the Complaint without leave to amend. On July 29, 1989, the court dismissed Hudson's remaining claims against Seely. Pursuant to Fed.R.Civ.P. 54(b), the court entered final judgment for Eisner on August 18, 1989 and for Seely on December 11, 1989. The effect of these orders was to dismiss Hudson's complaint with prejudice as against Seely and Eisner.
 
 II
 
 15
 Dismissal of the Rule 10b-5 and Common Law Fraud Claims
 
 
 16
 Hudson first claims the district court erred in dismissing his Rule 10b-5 and fraud claims against Seely and Eisner pursuant to Fed.R.Civ.P. 12(b)(6) and 9(b). We disagree.
 
 
 17
 "We review de novo a dismissal for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6)," Cooke, Perkiss & Liehe v. Northern California Collection Serv., 911 F.2d 242, 244 (9th Cir.1990), as well as a failure to plead fraud with particularity under Fed.R.Civ.P. 9(b). Wool v. Tandem Computers, 818 F.2d 1433, 1439 (9th Cir.1987). "We may affirm the district court's dismissal 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " Cooke, Perkiss & Liehe, 911 F.2d at 244 (quoting Ascon Properties v. Mobil Oil Co., 866 F.2d 1149, 1152 (9th Cir.1989)).
 
 
 18
 Fed.R.Civ.P. 9(b) applies to securities actions brought under section 10(b) and rule 10b-5. A pleading "is sufficient under rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations.... While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient." Moore v. Kayport Package Express, 885 F.2d 531, 540 (9th Cir.1989). As noted by the district court, most of Hudson's allegations fail this test. A reading of the complaint makes it painfully clear that Hudson has "done [little] more than set forth conclusory allegations of fraud, conspiracy to commit securities fraud, and aiding and abetting in securities fraud, punctuated by a handful of neutral facts." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir.1985).
 
 
 19
 Some of Hudson's allegations, standing alone, would satisfy the particularity requirement of Rule 9(b). These statements, however, are directly refuted by specific language in the Subscription Agreement dated February 5, which was attached to the Complaint as an Exhibit. In general, "[w]e must accept material allegations in the complaint as true and construe them in the light most favorable to the appellant." Cooke, Perkiss & Liehe, 911 F.2d at 244 (quoting Ascon Properties, 866 F.2d at 1152). However, "[i]f a complaint is accompanied by attached documents, the court is not limited by the allegations contained in the complaint." Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir.1987) (citing Amfac Mortgage Corp. v. Arizona Mall of Tempe, 583 F.2d 426, 429-30 (9th Cir.1978)). "These documents are part of the complaint and may be considered in determining whether the plaintiff can prove any set of facts in support of the claim." Id. Moreover, when " 'the allegations of the complaint are refuted by an attached document, the Court need not accept the allegations as being true.' " Id. at 1266 (quoting Durning v. First Boston Corp., 627 F.Supp. 393, 395 (W.D.Wash.1986)). Because Hudson's allegations of fraud are directly contradicted by the Subscription Agreement, we conclude that the district court properly dismissed Hudson's complaint.
 
 II
 Leave to Amend
 
 20
 "We review 'strictly' a denial of leave to amend for abuse of discretion." Schreiber Distrib. v. Serv-Well Furniture Co., 806 F.2d 1393, 1396 (9th Cir.1986); see Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir.1990). "Leave need not be granted where the amendment of the complaint ... constitutes an exercise in futility," and "[t]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." Ascon Properties, 866 F.2d at 1160.
 
 
 21
 Hudson was given several chances to amend his complaint, accompanied by detailed instructions from the court. The district court did not abuse its discretion in denying Hudson leave to amend the Complaint.
 
 III
 
 22
 Dismissal of the Section 12(1) and 12(2) Claims Against Seely
 
 
 23
 The district court dismissed Hudson's section 12 claims against Seely in light of the Supreme Court's decision in Pinter v. Dahl, 486 U.S. 622 (1988), which held that a plaintiff asserting a section 12 claim must state facts showing the defendant "offered" or "sold" the security, and was the one from whom the plaintiff "purchased" the security. Because Hudson failed to allege these facts with regard to Seely, the district court was correct in dismissing the section 12 claims.
 
 
 24
 AFFIRMED.
 
 FLETCHER, Circuit Judge, dissenting:
 
 25
 I respectfully dissent.
 
 
 26
 The majority concedes that some of Hudson's allegations satisfy the particularity requirements of Rule 9(b), but finds them inadequate because they are refuted by language in the Subscription Agreement attached to the complaint. In my view, boiler-plate language buried in a 44-page subscription agreement does not negate allegations that specific misrepresentations were made and were fraudulent and were relied upon. Nor do specific statements in the subscription agreement that describe net losses and other negative factors necessarily dispel the misperceptions created by misrepresentations made to the investor that were relied upon.
 
 
 27
 The cold, hard facts do reveal that Zytrex was in bankruptcy less than two months after Hudson, a trustee of a pension fund, invested $800,000 of fund money in the company.
 
 
 28
 I would require answers to the allegations of the complaint. I would allow discovery. Time enough then to judge whether the specific allegations of fraud are substantial enough to proceed beyond the summary judgment stage.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.Rule 36-3