5 F.3d 535
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 D.D. INVESTORS, INC., d/b/a Production Shop Specialists,
Plaintiff-Appellant,
v.
SHERWIN-WILLIAMS COMPANY, INC.; Norton Company, d/b/a
Carborumdum Abrasives Company; Maaco Enterprises,
Inc., d/b/a King of Prussia; P.B.E.
Warehouse, Defendants-Appellees.
 No. 92-55375.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 5, 1993.
Decided Aug. 18, 1993.
 
 1
 Before: BROWNING, FARRIS and KELLY,* Circuit Judges.
 
 
 2
 MEMORANDUM**
 
 
 3
 We affirm the district court's dismissal of the complaint for failure to comply with Rule 12(b)(6). While "the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim," Conley v. Gibson, 355 U.S. 41, 47 (1957), "conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." McGlinchy v. Shell Chemical Co., 845 F.2d 802, 810 (9th Cir.1988).
 
 
 4
 Plaintiff has not adequately stated an antitrust violation.
 
 
 5
 Plaintiff has not alleged injury to competition in sufficient detail. McGlinchy, 845 F.2d at 813 ("failure to allege injury to competition is a proper ground for dismissal by judgment on the pleadings"). To defeat a motion to dismiss under Rule 12(b)(6), plaintiff must do more than "merely recite the bare legal conclusion that competition has been restrained unreasonably," Les Shockley Racing, Inc. v. Nat'l Hot Rod Assoc., 884 F.2d 504, 508 (9th Cir.1989); nor is it sufficient to allege that one, or even a few, competitors have been removed from the market. Id. at 508-9. The complaint contains only a conclusory allegation that competition had been affected by removal of the plaintiff alone from the market.
 
 
 6
 Plaintiff has not alleged a per se violation of the antitrust laws. "Only group boycotts engaged in by competitors are per se illegal," Williams v. I.B. Fischer Nevada, No. 92-15463, Slip Op. 7673, 7677 (9th Cir. July 21, 1992); Sherwin-Williams and Norton are not competitors. Plaintiff has not stated a per se price fixing violation because a competitor "may not complain of conspiracies that set minimum prices at any level." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585 n. 8 (1986).
 
 
 7
 The allegations of Robinson-Patman Act violations were even sketchier. For example, plaintiff has not alleged injury to competition even generally.
 
 
 8
 None of the state law claims are adequately pleaded. Appellant has alleged neither the elements nor facts to support any of the state law claims.
 
 
 9
 Finally, the district court did not abuse its discretion by denying leave to amend. "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint," Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir.1987) (citations omitted), and here plaintiff has had at least three opportunities to amend the complaint.
 
 
 10
 AFFIRMED.
 
 
 
 *
 Honorable Paul J. Kelly, Jr., Circuit Judge, United States Court of Appeals for the Tenth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3