**Jack ALLEN, Plaintiff–Appellant,**

v.

**CITY OF BEVERLY HILLS, Defendant–Appellee.**

No. 89–55357.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 8, 1990.

Decided Aug. 21, 1990.

Larry J. Roberts, Petersen & Trott, Orange, Cal., for plaintiff-appellant.

Larry J. Frierson and Debra L. Bray, Liebert, Cassidy & Frierson, Los Angeles, Cal., for defendant-appellee.

Before WALLACE, THOMPSON and O'SCANNLAIN, Circuit Judges.

WALLACE, Circuit Judge:

Allen appeals from the district court's judgment dismissing his 42 U.S.C. § 1983 civil rights action pursuant to Fed.R.Civ.P. 12(b)(6). He alleged in his complaint that the City of Beverly Hills (City) had deprived him of property without due process of law when it terminated his civil service employment. Allen also contends that the district court improperly denied him leave to amend his complaint for a third time. The district court had removal jurisdiction pursuant to 28 U.S.C. § 1441(b) and exercised jurisdiction pursuant to 28 U.S.C. § 1343(a)(3). We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.

I

Since we are reviewing a dismissal on the pleadings, we must accept Allen's material allegations as true and construe them in the light most favorable to Allen. *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1152 (9th Cir.1989) (*Ascon Properties*). Applying this standard to the allegations in Allen's complaint and his first and second amended complaints, *see Sundance Land Corp. v. Community First Federal Savings and Loan Association*, 840 F.2d 653, 655 (9th Cir.1988) (considering the facts alleged in both of appellant's complaints), we accept the following facts as true.

For almost 14 years, Allen was a civil service employee in the office of the City Attorney. During that time he served as Assistant City Attorney, Senior Assistant City Attorney, and Acting City Attorney. In April 1987, the City closed the office of the City Attorney and decided to contract out its legal services to private counsel. At that time, the City terminated the employment of Allen as well as the other three attorneys in the office. Allen alleged that the City terminated him and the other attorneys in the office because of their strong objections to the City's allegedly longstanding and illegal effort to eliminate the civil service status of all management, supervisory, and professional employees.

Allen subsequently filed this action pro per in state court. The City responded by removing the action to federal district court and filing a motion to dismiss for failure to state a claim. In response, Allen filed his first amended complaint, which the City also moved to dismiss for failure to state a claim. When the motion came before the district court, Allen's current counsel appeared and became counsel of record for Allen. Allen's counsel successfully moved for and received 30 days in which to amend the complaint again.

Allen, now represented by counsel, filed the second amended complaint and the City again moved to dismiss. After hearing argument from both sides, the district court entered an order dismissing the entire action with prejudice.

II

■ A dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is a ruling on a question of law and is therefore reviewed de novo. *Kruso v. International Telephone & Telegraph Corp.*, 872 F.2d 1416, 1421 (9th Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990). Our review is limited to the contents of the complaint. *Love v. United States*, 871 F.2d 1488, 1491 (9th Cir.1988) (*Love*). "We may affirm the district court's dismissal only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Ascon Properties*, 866 F.2d at 1152 (internal quotations and citation omitted).

■ Although the district court ruled against Allen on several of his contentions, the only ruling on the dismissal that Allen challenges on appeal is the court's conclusion that he did not have a constitutionally protected property interest in continued employment. Allen contends that he has mustered sufficient allegations in his complaint to state a claim that his layoff constituted a deprivation of a constitutionally protected property interest without due process of law.

"Property interests, of course, are not created by the Constitution. Rather, they

are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). Our task is to inspect state law and the City's civil service rules and regulations to determine whether there are any rules or understandings that support Allen's claim of entitlement.

Whether an expectation of entitlement is sufficient to create a property interest "will depend largely upon the extent to which the statute contains mandatory language that restricts the discretion of the [decisionmaker]." *Jacobson v. Hannifin,* 627 F.2d 177, 180 (9th Cir.1980) *(Jacobson ).* If "the decision to confer a benefit is unconstrained by 'particularized standards or criteria,' no entitlement exists." *Fidelity Financial Corp. v. Federal Home Loan Bank,* 792 F.2d 1432, 1436 (9th Cir.1986) *(Fidelity ),* cert. denied, 479 U.S. 1064, 107 S.Ct. 949, 93 L.Ed.2d 998 (1987), *quoting Olim v. Wakinekona,* 461 U.S. 238, 249, 103 S.Ct. 1741, 1747, 75 L.Ed.2d 813 (1983); *see also Loehr v. Ventura County Community College District,* 743 F.2d 1310, 1315 (9th Cir.1984); *Association of Orange County Deputy Sheriffs v. Gates,* 716 F.2d 733, 734 (9th Cir.1983) *(Orange County Deputy Sheriffs ),* cert. denied, 466 U.S. 937, 104 S.Ct. 1909, 80 L.Ed.2d 458 (1984); *City of Santa Clara v. Andrus,* 572 F.2d 660, 676 (9th Cir.) ("[A] statute will create an entitlement to a governmental benefit either if the statute sets out conditions under which the benefit *must* be granted or if the statute sets out the *only* conditions under which the benefit may be denied.") (quotation omitted, emphasis in original), *cert. denied,* 439 U.S. 859, 99 S.Ct. 176, 58 L.Ed.2d 167 (1978). Thus, in determining whether California state law or City rules and regulations confer upon Allen a property interest in continued employment, we must inspect whether they "impose particularized standards or criteria that significantly constrain[ed]," *Fidelity,* 792 F.2d at 1436, the City's discretion to terminate Allen's employment in the office of the City Attorney.

Allen argues that his property interest in continued employment arises from five different sources. We address them in turn.

## A.

Allen first contends that he had a property interest in maintaining a civil service position because under the California state civil service system, civil service work may not be contracted out if the work can be adequately and competently performed by civil service personnel. *See Burum v. State Compensation Insurance Fund,* 30 Cal.2d 575, 579–80, 184 P.2d 505, 506–07 (1947). Allen is not, however, a state civil servant; rather, he is a civil servant employed by a city. The California Constitution specifically grants "plenary authority" to cities to promulgate rules providing for "the terms for which the several municipal officers and employees whose compensation is paid by the city shall be elected or appointed, *and for their removal."* Calif. Const. art. 11, § 5(b) (emphasis added); *see also American Federation of State Employees v. County of Los Angeles,* 146 Cal.App.3d 879, 888–89, 194 Cal.Rptr. 540, 546 (1983) *(American Federation )* (concluding that pursuant to article 11, section 4, subdivision (f) of the California Constitution a county's own civil service rules "establish the extent of county employees' protected property interest"). The City's municipal code has no provision equivalent to the state system's requirement that only work which cannot be satisfactorily performed by civil service personnel may be contracted out. Instead, the municipal code provides that

[w]henever in the judgment of the Council it becomes necessary in the interests of economy or because the necessity for a position no longer exists, the Council may abolish any position in the classified service. When classified employees are laid off ... for lack of work or funds, or due to a reorganization, such layoffs ... shall be made in inverse order of seniority.... Such layoffs ... shall not be

deemed as disciplinary and shall not be subject to appeal.

Beverly Hills, Cal., Code § 2–6.113(a) (1983). Thus, the municipal code clearly does not create a right to be laid off only if the employee cannot perform the work satisfactorily. Any expectation Allen had was purely unilateral. Consequently, we conclude that *Burum*'s prohibition against contracting out civil service work that can be adequately and competently performed by civil service personnel—a prohibition which is applicable only to the state civil service system—plainly does not provide Allen with a constitutionally protected property interest in his employment.

### B.

Allen next contends that he has a property interest in his employment because the City was required to act in good faith when it terminated him. In his complaint, he recognized that he could be terminated if "it was necessary, in the interest of economy or because the necessity for [his] position no longer existed." *See id.* But he alleges that this was not the reason for his termination; rather, it was because of his strong objections to what he contends was illegal conduct on the part of the City.

█ Allen first directs us to a line of state cases which hold that "[t]he power to abolish a position may not be used to effect the discharge of an employee protected by the salutary provisions of civil service regulations, unless such power is exercised in good faith." *Rexstrew v. City of Huntington Park,* 20 Cal.2d 630, 633, 128 P.2d 23, 25 (1942) (*Rexstrew*); *see also Trujillo v. City of Los Angeles,* 276 Cal.App.2d 333, 339, 81 Cal.Rptr. 146, 150 (1969); *Placer County Employees Association v. Board of Supervisors,* 233 Cal.App.2d 555, 559, 43 Cal.Rptr. 782, 784 (1965) (concluding that while "the adoption of a civil service system does not restrict the governing body's power to effect structural reorganizations in the interests of economy and efficiency, even though it entails abolition of a civil service position[, t]he courts have adopted the criterion of good faith to weigh the legality of actions abolishing civil service

positions") (citations omitted). Unfortunately, the California authority cited by Allen does not take us very far. The requirement that the City comply in good faith with the "provisions of [its] civil service regulations[,]" *Rexstrew,* 20 Cal.2d at 633, 128 P.2d at 25, does not of itself create a property interest. Instead, we must inspect whether the provision pursuant to which the City was required to act in good faith—i.e. section 2–6.113(a)—imposed a significant limit on the City's discretion. Allen contends that it did. He argues that he had a constitutionally protected property interest because, absent a good faith layoff in the interests of economy and efficiency, he enjoyed job tenure and security.

However, instead of imposing "particularized standards or criteria that *significantly* constrain," *Fidelity,* 792 F.2d at 1436 (emphasis added), the City, section 2–6.113(a) gives the City broad discretion to lay off a classified employee "[w]henever ... it becomes necessary in the interests of economy or because the necessity for a position no longer exists." We have previously held that where "[t]he only substantive restriction imposed upon the [decisionmaker's] exercise of authority is the requirement that the basis for its decisions be reasonable[,]" any claim to a protected property interest created by the state is negated. *Jacobson,* 627 F.2d at 180 (right to a gaming license under Nevada law); *Kraft v. Jacka,* 872 F.2d 862, 867 (9th Cir.1989) (same); *see also Orange County Deputy Sheriffs,* 716 F.2d at 734 (concluding that requirement of good cause prior to the denial of a former deputy sheriff's weapons certificate "does not create a constitutionally protected property interest, because it is not a significant substantive restriction on the basis for [the] agency's action") (internal quotations omitted). The broad discretion vested in the City to lay off Allen "in the interests of economy" is analogous. The City had discretion to close the City Attorney's office if it believed doing so could save money or if it thought that in-house counsel was not a necessity. Indeed, the City was free to lay off Allen to save the expense of paying him his salary. We cannot say therefore that

section 2–6.113(a) imposes the type of "significant substantive restriction" on the City's discretion that would give Allen a legitimate expectation of entitlement in continued employment. Consequently, we conclude that section 2–6.113(a) and the good faith requirement of *Rexstrew* and *Trujillo* do not create a constitutionally cognizable property interest in continued employment.

### C.

■ Allen next attempts to locate a right to continued employment in the City's Personnel System Rules and Regulations (Personnel Rules). Allen contends that the bumping procedures, which are outlined in Personnel Rule 11 create a property interest of which he was deprived. Personnel Rule 11, section 2(a) provides in part:

> The incumbent in a position abolished by the Council ... shall have the right to bump incumbents of positions not abolished by the Council only in the following manner and under the following circumstances: ... Bumping shall occur based upon seniority ... into positions within the same or lower classifications within a department, except for bumping into the classification of Laborer, Intermediate Clerk, Senior Clerk, Stenographer Clerk, Secretary, Senior Secretary, Maintenance Worker, and Senior Maintenance Worker, which shall have general city-wide application. Bumping may occur on an inter-departmental basis into any of the eight classifications enumerated above.

We have held that where an employee has "a legitimate claim of entitlement to bumping rights ... under City Rules" the employee has a "constitutionally protected property interest." *Alexander v. City of Menlo Park*, 787 F.2d 1371, 1374 (9th Cir. 1986), *cert. denied*, 479 U.S. 1032, 107 S.Ct. 879, 93 L.Ed.2d 833 (1987). Thus, Allen may indeed have had a protected property interest in being considered for alternative employment.

However, that Allen may have had a property interest in *alternative* employment does not suggest that he therefore had a right to continued employment in the office of the City Attorney. It is only the latter allegation that appears in the complaint. Thus, Allen's argument that he was denied bumping rights does not support the allegation in the complaint that Allen was denied a property interest in continued employment in the City Attorney's office. *Love*, 871 F.2d at 1491 (limiting our review to the contents of the complaint).

### D.

■ Undaunted, Allen next directs our attention to another portion of Personnel Rule 11, section 2 which provides in part:

> As to those employees to be laid off or demoted, the appointing authority shall submit written notice of the intended action to the Director of Personnel Services.... Such notice shall include the reasons therefor and a statement that the service of the employee has been satisfactory or unsatisfactory with reasons therefor. The Director of Personnel Services shall immediately, upon receipt of such notice, enter the name of each satisfactory employee on the re-employment list. Employees not so listed may, upon request, be furnished with a copy of the notice, and my [sic] interpret the layoff or demotion as disciplinary and appealable in accordance with Section 2–6.110 of the Municipal Code.

Allen contends that he was not placed on the reemployment list and consequently was entitled to interpret his layoff as disciplinary. He then points out that pursuant to section 2–6.109(a) of the municipal code disciplinary actions may only be taken for cause. Thus, he concludes, he had a property right in continued employment. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 430, 102 S.Ct. 1148, 1154, 71 L.Ed.2d 265 (1982) ("The hallmark of property ... is an individual entitlement ... which cannot be removed except 'for cause.'").

This argument is unavailing. Allen's complaint contains no allegation pertaining to the reemployment list; the allegation and argument make their first appearance in Allen's appellate brief. Since our review is limited to the contents of the complaint,

*Love*, 871 F.2d at 1491, Allen's reemployment-list argument cannot save the complaint.

### E.

The fifth and final source upon which Allen relies in an attempt to find a constitutionally protected property right in his continued employment is an alleged oral agreement between him and the City pursuant to which he could not be terminated except for cause. Although this contention was the primary focus of his complaints, it was all but abandoned in his briefs on appeal. Allen's decision to deemphasize this argument was prudent.

The Supreme Court of California has made it clear that "in California ... public employment is not held by contract but by statute and ... insofar as the duration of such employment is concerned, no employee has a vested contractual right to continue in employment beyond the time or contrary to the terms and conditions fixed by law." *Miller v. State*, 18 Cal.3d 808, 813, 135 Cal.Rptr. 386, 389, 557 P.2d 970, 973 (1977); *American Federation*, 146 Cal. App.3d at 889, 194 Cal.Rptr. at 546 (concluding that the extent of a county civil service employee's property interest in his employment "is governed purely by statute."). In addition, section 2–9.18 of the municipal code expressly precludes the City from entering into an oral contract. Thus, Allen's allegation that an oral agreement between him and Beverly Hills gave rise to a constitutionally protected property right fails to state a claim upon which relief can be granted.

### F.

Therefore, because Allen has failed to allege in his complaints any source of a constitutionally protected property right in continued employment, and since the existence of a property right is essential to his claim that he was denied due process of law, we conclude that the district court did not err in dismissing his action.

### III

Allen next contends that even if the district court properly dismissed his second amended complaint, the district court erred when it dismissed his action without allowing him leave to file a fourth complaint. We review a denial of leave to amend for abuse of discretion. *Ascon Properties*, 866 F.2d at 1160. Absent a definite and firm conviction that the district court committed a clear error of judgment, we will not disturb the district court's decision. *California Architectural Building Products, Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1472 (9th Cir.1987), *cert. denied*, 484 U.S. 1006, 108 S.Ct. 698, 699, 98 L.Ed.2d 650 (1988). In exercising its discretion, however, the district court must be guided by the command of Fed.R. Civ.P. 15(a) which provides that "leave shall be freely given when justice so requires."

Five factors are frequently used to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint. *Ascon Properties*, 866 F.2d at 1160. However, we need not apply all five factors here because the final two plainly reveal that the district court did not abuse its discretion in dismissing Allen's action with prejudice.

"The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Id.; see also Fidelity*, 792 F.2d at 1438 (refusing to allow plaintiff to file a fourth amended complaint where "[t]he factual bases of the claims were known to [plaintiff] long before" and the defendant would have been prejudiced); *Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir.1980). It is implausible to suggest that justice somehow requires that Allen, a 14–year veteran attorney for the City and self-described "literary father" of much of the City's code, must be given a fourth attempt to locate a portion of the municipal code or state law which creates a property interest in his employment.

In addition, any further amendment to the complaint would likely prove futile. The provisions of the municipal code and the Personnel Rules simply do not give rise to a right of continued employment in the City Attorney's office no matter what facts are alleged. We are also decidedly doubtful that the allegations concerning alternative employment, which were raised for the first time in the briefs, would suffice to state a cause of action if they could be added to a new complaint. In support of his contention that he was denied bumping rights, Allen did not suggest in his brief or when questioned at oral argument that he had ever applied for reemployment or sought to be "bumped" into another position. Indeed, in his first two complaints Allen explicitly stated that he had "not previously sought reinstatement to his position ... and does not by this action." In addition, Personnel Rule 11, section 2 provides only that employees not listed "may, *upon request,* be furnished with a copy of the notice, and my [sic] interpret the layoff ... as disciplinary." (Emphasis added.) Rule 11 thus requires an employee to "request" a copy of the termination notice so that the employee may decide whether he wants to treat the layoff as disciplinary and assert his right of appeal pursuant to section 2–6.109(a) of the municipal code. Again, Allen did not allege at either oral argument or in his briefs that he, in fact, ever made such a request. Allen's failure to allege such a request is not particularly surprising, however, given his express statement in his first two complaints that he did not desire to return to work for the City. Thus, even if Allen were provided another chance to amend his complaint, it does not appear that he could state a claim of a denial of due process for failure to place him on a reemployment list.

Finally, we observe that even if we believed Allen's new arguments might not be futile, we would not reverse the district court. We have held that a district court does not "abuse its discretion in denying a motion to amend a complaint ... when the movant presented no new facts but only 'new theories' and 'provided no satisfactory explanation for his failure to fully develop his contentions originally.'" *Vincent v. Trend Western Technical Corp.,* 828 F.2d 563, 570–71 (9th Cir.1987), *quoting Stein v. United Artists Corp.,* 691 F.2d 885, 898 (9th Cir.1982). This is precisely such a case. We therefore conclude that the district court did not abuse its discretion in denying Allen leave to amend.

AFFIRMED.