972 F.2d 1337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald L. BRANSON, Plaintiff-Appellant,
v.
CITY OF LOS ANGELES; Anthony R. Stavropoulos, Officer;
Patrick Shannon, Officer; Roger Ferguson, Sgt.; Joseph
Morgan, Sgt.; Larry R. Dolley, Det.; County of Los
Angeles; Sherman T. Block, Sheriff; James Perez; Patricia
G. Schwartz; Craig J. Strauch, Defendants-Appellees.
 No. 91-55819.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 10, 1992.*
Decided Aug. 6, 1992.
 
 Before FLETCHER, O'SCANNLAIN and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 On May 11, 1986, Branson was arrested for attempted burglary of a motor vehicle. He was ultimately charged with two misdemeanors, driving without a license and tampering with a motor vehicle. May 8, 1987, Branson commenced this action pursuant to 42 U.S.C. § 1983, suing nearly every person he came into contact with during the state proceedings. In his First Amended Complaint, he raised five causes of action: false arrest, illegal search, excessive force, false imprisonment, and substantive due process. Several of these causes of action went to trial, and the jury found for the defendants.
 
 
 3
 Branson challenges the jurisdiction of both the state and federal courts. He also appeals several of the district court's pretrial rulings: (1) dismissal of Branson's complaint against Commissioner Schwartz with prejudice based on her judicial immunity; (2) denial of Branson's motion for leave to add new causes of action to his complaint or expand existing ones; and (3) determination that Branson had failed to properly seek review of several of his discovery requests, and denial of his discovery sanctions against the defendants. Finally, Branson objects to three of the district court's determinations on procedural grounds: (1) dismissal of defendant Schwartz; (2) denial of Branson's summary judgment motion against defendants Perez and Block, summary judgment for Perez, and denial of defendants County of Los Angeles and Block's summary judgment; and (3) summary judgment for defendant Strauch.
 
 
 4
 Branson frivolously claims that the federal district court in which he chose to file his § 1983 lawsuit lacked jurisdiction. He argues, incorrectly, that the procedures the district court employed were improper, but this argument, even were it correct, would not establish any defect in jurisdiction.
 
 
 5
 Branson also makes a jurisdictional attack on the state proceedings. Although Branson was originally arrested for a felony, he was ultimately charged with only two misdemeanors. Commissioners of municipal courts may conduct arraignments for misdemeanors. Cal.Govt.Code § 72190.1. Therefore, Commissioner Schwartz was empowered to conduct Branson's arraignment.
 
 
 6
 Branson argues that because he was originally arrested for a felony, he must be prosecuted by a district attorney. A county attorney, authorized only to prosecute misdemeanors, handled his case. See Cal.Govt.Code § 72193. The key fact, however, is that Branson was only prosecuted for misdemeanors. Branson argues that only a district attorney could lower his charge from a felony to a misdemeanor. See Cal.Penal Code § 17(4) (defendant has the right to object to charges being defined as misdemeanors). This putative error, however, has nothing to do with the jurisdiction of the municipal court.
 
 
 7
 Branson also argues that the district court erroneously dismissed his complaint against Commissioner Schwartz on the grounds of judicial immunity because her actions were in excess of the municipal court's jurisdiction. As explained above, the municipal court had jurisdiction over Branson. Even if it did not, the Commissioner would have judicial immunity. Branson does not allege that Schwartz' actions were not judicial in nature, and we have held: "A judge is immune from suit under 42 U.S.C. § 1983 for acts in excess of his jurisdiction, so long as the acts themselves were judicial." Rosenthal v. Justices of the S.Ct. of Cal., 910 F.2d 561, 565-66 (9th Cir.1990), cert. denied, 111 S.Ct. 963 (1991). Only when a judicial act is made in "clear absence of all jurisdiction" is judicial immunity absent. Stump v. Sparkman, 435 U.S. 349, 357 (1978).
 
 
 8
 Branson objects to the district court's denial of leave to amend his complaint. His proposed Second Amended Complaint contains a new cause of action entitled "False Charging, Issuing, and Filing of Misdemeanor Complaint." The district court permitted Branson to add names to existing causes of action, but did not permit him to allege this entirely new cause of action. The denial of leave to amend is within the district court's discretion. Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir.1986) (en banc). This court has commented:
 
 
 9
 Five factors are frequently used to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint.
 
 
 10
 Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir.1990). As in Allen, the final two factors here are sufficient alone to uphold the district court's exercise of discretion. Branson had already amended his complaint, and even more importantly, Branson's new fifth cause of action does nothing more than expand his Complaint filed three years previously and his First Amended Complaint filed some year and a half earlier. The district court did not abuse its discretion in denying leave to amend.
 
 
 11
 The district court referred several matters including Schwartz' motion for dismissal and the parties' summary judgment motions to a United States Magistrate Judge for review and recommendation. Branson claims that the district court failed to review the magistrate's findings de novo as required by 28 U.S.C. § 636(b)(1). The district court, however, stated that it had "made a de novo determination of those portions of the report to which objections have been made." Branson's argument is without factual support in the record. Mathews v. Weber, 423 U.S. 261, 274 (1976) ("We categorically reject the suggestion that judges will accept, uncritically, recommendations of magistrates.").
 
 
 12
 Branson argues that the district court erred in its interpretation of Local Rule 7.15.2. This rule establishes the procedures by which the attorneys for both parties should set out a joint stipulation of the remaining discovery issues for the court's review.[1] Branson claims that the defendants did not cooperate with him in creating this stipulation, but the district court penalized him for failing to comply with Rule 7.15.2 because he did not present all the appropriate documents in his motion for sanctions. He argues that it was the defendants who failed to comply with the rule, and they should be sanctioned pursuant to Local Rule 7.15.4.[2]
 
 
 13
 While Branson may be correct that the defendants failed to cooperate in creating a Local Rule 7.15.2 stipulation, the district court's response was not an abuse of discretion. It considered that the defendants might not have been cooperative, but stated that Branson could have at least supplied the magistrate with the interrogatories that the defendants had failed to answer. The district court did not abuse its discretion by not sanctioning the defendants for this infraction. Nor did the district court penalize Branson for failing to file the interrogatories along with his motion. The court informed Branson that he could make his motion again with the attached papers. Further, in a later response to Branson's motion for clarification of the ruling, the district court stated that if the defendants continued to fail to cooperate, Branson should file a "declaration of non-cooperation as well as a document containing Plaintiff's contentions and points and authorities, and sanctions against such defendant will in all likelihood be granted." These two orders informed Branson exactly how he could receive judicial review of his discovery requests. There was no abuse of discretion. The district court appears to have taken considerable care to avoid any unfair prejudice to such rights as this apparently vexatious litigant might arguably have had.
 
 
 14
 Branson's brief tangentially refers to several other arguments, all of which are without merit. Branson's repeated claim that the district court failed to rule on his motions for reconsideration is simply incorrect. The court orally rejected these motions at the December 10, 1990 hearing. Branson's assertion that the Magistrates Act. 42 U.S.C. § 1983, and 28 U.S.C. §§ 1331 and 1343 are unconstitutional as applied to him is frivolous.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 7.15.2 Moving Papers. If counsel are unable to settle their differences, they shall formulate a written stipulation specifying separately and with particularity each issue that remains to be determined at the hearing and the contentions and points and authorities of each party as to each issue. The stipulation must be set forth in one document which shall contain all such issues in dispute and the contentions and points and authorities of each party. The stipulation shall not refer the Court to other documents in the file
 
 
 [2]
 7.15.4 Cooperation of Counsel--Sanctions. The failure of any counsel to cooperate in such procedures and attend the meeting of counsel, or provide the moving party the information necessary to prepare the stipulation required by Local Rule 7.15.2 within seven (7) days of the meeting of counsel provided in Local Rule 7.15.1, shall result in the imposition of sanctions, including but not limited to the sanctions provided in Local Rule 27 and F.R.Civ.P. 37