131 F.3d 148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael SLADE, Plaintiff/Appellant,
v.
Boyd STEPHENS; City and County of San Francisco,
Defendants/Appellees.
 No. 96-16744.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 6, 1997.
Oct. 22, 1997.
 
 Appeal from the United States District Court for the Northern District of California, No. CV-95-0675-SI; Susan Yvonne Illston, District Judge, Presiding
 Before: SCHROEDER, BEEZER and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiff Michael Slade appeals the district court's grant of summary judgment in favor of defendants Boyd G. Stephens, the City and County of San Francisco ("the City") and others and the denial of Slade's cross motion for partial summary judgment and petition for writ of mandate. Slade claims that defendants discharged him from his civil service position with the City in violation of his due process rights, protected under 42 U.S.C. § 1983, and in violation of other rights protected under California law. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * We review de novo the district court's rulings on summary judgment. See Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). Viewing the evidence in the light most favorable to the nonmoving party, we determine whether there are any genuine issues of material fact and whether the district court correctly applied the substantive law. Id.
 
 
 4
 Slade claims that defendants' termination of his employment violated his property rights in that position, protected under 42 U.S.C. § 1983. To prevail on a § 1983 claim for violation of property rights, a terminated employee must show "a legitimate claim of entitlement" to continued employment. Board of Regents v. Roth, 408 U.S. 564, 577 (1972). Slade has not shown such an entitlement.
 
 
 5
 Slade locates his entitlement in § 8.341 of the City Charter, which provides that permanent civil service employees may be "removed or discharged" only for cause and must receive notice and pre-termination and post-termination hearings. This section does not apply here. Defendants produced evidence that Slade was not "removed or discharged," but was instead laid off because of lack of funds. Layoffs for lack of funds, which are authorized by § 3.661 of the City Charter, do not invoke the procedures required under § 8.341 of the City Charter.
 
 
 6
 An employee laid off because of lack of funds may prevail on a § 1983 claim by demonstrating that " 'particularized standards or criteria ... significantly constrain' " the employer's discretion. Allen v. City of Beverly Hills, 911 F.2d 367, 371 (9th Cir.1990) (quoting Fidelity Fin. Corp. v. Federal Home Loan Bank, 792 F.2d 1432, 1436 (9th Cir.1986)) (emphasis in Allen ). The only "particularized standards or criteria" constraining defendants' discretion consisted of a requirement that Slade be granted seniority rights in similar positions. He does not claim that defendants violated his seniority rights. Because he has not shown other such "particularized standards or criteria," his § 1983 claim fails.
 
 II
 
 7
 The district court granted summary judgment to defendants on Slade's state law claims. We affirm the district court on alternate grounds. See Thigpen v. Roberts, 468 U.S. 27, 30 (1984).
 
 
 8
 Slade's state law claims are premised on his allegation that he was wrongfully discharged. In support, Slade produced evidence showing that he engaged in protected activity and that he was subsequently laid off. From the correlation of these events he draws the inference that he was laid off because he engaged in protected activity.
 
 
 9
 A correlation, standing alone, may constitute a "scintilla" of evidence, but it "is not enough to create a 'genuine issue of material fact' in order to preclude summary judgment." Nelson v. Pima Community College, 83 F.3d 1075, 1081 (9th Cir.1996) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). Slade has produced evidence only of a correlation, and summary judgment is therefore not precluded. Defendants produced undisputed evidence showing that Slade was laid off because of lack of funds. There is no "genuine issue of material fact" concerning the nature of Slade's termination. We affirm the district court's grant of summary judgment in favor of defendants on Slade's state law claims.
 
 III
 
 10
 Because we affirm the district court's grant of summary judgment in favor of defendants, we affirm its denial of Slade's motion for partial summary judgment and petition for writ of mandate.
 
 IV
 
 11
 Slade seeks attorney fees on this appeal pursuant to 42 U.S.C. § 1988 and California Civil Procedure Code § 1021.5. He has not prevailed on this appeal, and we deny his request. See Hanrahan v. Hampton, 446 U.S. 754, 756-57 (1980) (construing 42 U.S.C. § 1988); Cal.Civ.Proc.Code § 1021.5.
 
 AFFIRMED
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3