**Will DAVIS, II, Plaintiff—Appellant,**

v.

**UNITED METRO MATERIALS INC., Defendant—Appellee.**

No. 03–16444.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.*

Decided Feb. 10, 2005.

Will Davis, III, Phoenix, AZ, pro se.

Janet B. Hutchison, Esq., Robbins & Green, Phoenix, AZ, for Defendant–Appellee.

Before: FERNANDEZ, GRABER and GOULD, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Will Davis II appeals from the district court's order granting appellee United Metro Materials' ("United Metro") motions for judgment on the pleadings and summary judgment. Davis also challenges the district court's denial of what the court construed to be a motion to amend his complaint. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Reviewing the matter de novo, we conclude that the district court properly held that Davis's claims are preempted by Section 301 of the Labor Management Relations Act, as resolution of his claims would require interpreting Davis's collective bargaining agreement ("CBA"). *See Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 689, 691 (9th Cir.2001) (en banc). Davis offered no evidence to support his assertion that the relevant test was governed by federal regulations, rather than by the company's standards as incorporated through the CBA. Nor has Davis shown that any of his other claims is "independent of rights under the collective-bargaining agreement." *Livadas v. Bradshaw*, 512 U.S. 107, 123, 114 S.Ct. 2068, 129 L.Ed.2d 93 (1994) (quotation marks and citation omitted). The district court's judgment was therefore correct.

The district court's denial of Davis's attempt to amend his complaint to add his union as a defendant was not an abuse of discretion. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373–74 (9th Cir.1990) (holding that undue delay, prejudice to the opposing party, futility of amendment, and whether a plaintiff has previously amended his complaint are legitimate factors supporting the denial of a motion for leave to amend).

** This disposition is not appropriate for publication and may not be cited to or by the

We grant United Metro's request to strike Appendices 2 and 7 from Davis's excerpts of record on appeal, as these documents were not submitted to the district court. *See* 9th Cir. R. 30–2.

AFFIRMED.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.