**Steven ZACK; Vicki Cruse; Kenneth Moore, Plaintiffs–Appellants,**

v.

**ALLIED WASTE INDUSTRIES, INC.; Thomas H. Van Weelden; Peter S. Hathaway; Thomas W. Ryan; James E. Gray, Defendants–Appellees.**

No. 06–15116.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 17, 2008.

Filed April 29, 2008.

Lionel Z. Glancy, Avi N. Wagner, Glancy Binkow & Goldberg LLP, Los Angeles, CA, Jennifer L. Keeney, Christopher L. Nelson, Schiffrin Barroway Topaz & Kessler, LLP, Radnor, PA, Frank R. Mead, Tiffany & Bosco, PA, Phoenix, AZ, for Plaintiffs–Appellants.

David Hennes, Shahzeb Lari, William McGuinness, Fried Frank Harris Shriver

& Jacobson, New York, NY, Doug C. Northup, Fennemore & Craig, PC, David B. Rosenbaum, Osborn Maledon, P.A., Phoenix, AZ, for Defendants–Appellees.

Before: KOZINSKI, Chief Judge, WALLACE and N.R. SMITH, Circuit Judges.

### MEMORANDUM *

For the reasons given by the district court, appellants have failed to "state with particularity facts giving rise to a strong inference that [Appellees] acted with" "actual knowledge" that their forward-looking statements were false, as required by the Private Securities Litigation Reform Act. 15 U.S.C. §§ 78u–4(b)(2), 78u–5(c)(1)(B).

Because the district court correctly dismissed Appellants' § 10(b) claims, it did not err in also dismissing Appellants' § 20(a) claims. *See Howard v. Everex Sys., Inc.,* 228 F.3d 1057, 1065 (9th Cir. 2000).

The district court did not abuse its discretion in denying leave to amend. *See Allen v. City of Beverly Hills,* 911 F.2d 367, 373 (9th Cir.1990). Any amendment would be futile. *See In re Vantive Corp. Sec. Litig.,* 283 F.3d 1079, 1097 (9th Cir. 2002).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.