NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 12 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEVIN M. JONES; CHERYL A. JONES, | No. 13-15976 |
| Plaintiffs - Appellants, | D.C. No. 1:12-cv-02067-LJO-SMS |
| v. | |
| CITIMORTGAGE INC., a business entity; CAL-WESTERN RECONVEYANCE CORPORATION, a business entity, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted June 10, 2015[**]
San Francisco, California

Before: SILVERMAN, GOULD, and HURWITZ, Circuit Judges.

Kevin and Cheryl Jones appeal the district court's dismissal of their first

amended complaint ("FAC") against CitiMortgage, Inc. ("Citi"), and Cal-Western

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Reconveyance Corporation, asserting various claims arising out of a home loan modification.   We have jurisdiction under 28 U.S.C. § 1291, and affirm.

**1.**   The FAC did not state claims for either fraud or negligent misrepresentation because it did not plausibly allege that Citi materially misrepresented the monthly payment due under the modification agreement or that the plaintiffs justifiably relied on any misrepresentation.   *See Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1163 (9th Cir. 2012); *Fox v. Pollack*, 226 Cal. Rptr. 532, 537 (Ct. App. 1986).

**2.**   The FAC did not state a claim under the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*, because it failed to plausibly allege that Citi violated any other laws, *see Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1130 (9th Cir. 2014), or engaged in fraudulent or unfair business practices, *see Davis*, 691 F.3d at 1169-70; *Cel-Tech Comms., Inc. v. L.A. Cellular Tel. Co.*, 973 P.2d 527, 544 (Cal. 1999).

**3.**   The district court did not abuse its discretion in denying leave to file a second amended complaint after concluding further amendment would be futile. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373-74 (9th Cir. 1990).

   **AFFIRMED.**