NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 13 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BERNADETTE PAULEY, an individual, on behalf of herself and all others similarly situated,<br><br>                Plaintiff - Appellant,<br><br>  v.<br><br>CF ENTERTAINMENT, a California corporation; COMICS UNLEASHED PRODUCTIONS, INC., a California corporation; ENTERTAINMENT STUDIOS, INC., a California corporation; BYRON ALLEN FOLKS, an individual; SCREEN ACTORS GUILD-AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS, a California corporation,<br><br>                Defendants - Appellees. | No.    17-56057<br><br>D.C. No. 2:13-cv-08012-R-CW<br><br>MEMORANDUM[*] |
| BERNADETTE PAULEY, an individual; THOMAS CLARK, an individual, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs - Appellants,<br><br>  v. | No.    17-56099<br><br>D.C. No. 2:13-cv-08011-R-CW |

        [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

CF ENTERTAINMENT, a California corporation; COMICS UNLEASHED PRODUCTIONS, INC., a California corporation; ENTERTAINMENT STUDIOS, INC., a California corporation; BYRON ALLEN FOLKS, an individual,

Defendants - Appellees,

and

SCREEN ACTORS GUILD-AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS, a California corporation,

Defendant.

BERNADETTE PAULEY, an individual; THOMAS CLARK, an individual, on behalf of themselves and all others similarly situated,

Plaintiffs - Appellants,

v.

SCREEN ACTORS GUILD-AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS, a California corporation,

Defendant - Appellee,

and

CF ENTERTAINMENT, a California corporation; COMICS UNLEASHED PRODUCTIONS, INC., a California corporation; ENTERTAINMENT

No.    17-56100

D.C. No. 2:13-cv-08011-R-CW

2

STUDIOS, INC., a California corporation;
BYRON ALLEN FOLKS, an individual,

Defendants.

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted April 9, 2019[**]
Pasadena, California

Before: RAWLINSON and MURGUIA, Circuit Judges, and RAKOFF,[***] District Judge.

Plaintiffs filed two actions—referred to herein as the "Comics Unleashed Action" and the "Comedy.TV Action"—in connection with their work on two television shows. They brought various claims against their employers (collectively, "CF Entertainment") and their union, SAG-AFTRA. The district court dismissed all claims for failure to exhaust contractual grievance procedures, and Plaintiffs appealed. While the appeal was pending, the union and CF Entertainment purported to settle all of Plaintiffs' claims, and a panel of this Court affirmed in part, vacated in part, and remanded for further proceedings. *See Pauley v. CF Entm't*, 646 F.

[**] These cases were consolidated for oral argument only. We have also consolidated their dispositions in this Memorandum.

[***] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

3

App'x 498 (9th Cir. 2016) (unpublished). On remand, the district court again dismissed all claims in the Comics Unleashed Action, and it dismissed all claims in the Comedy.TV Action except for the Third and Seventh Causes of Action, which it remanded to state court. Plaintiffs again appealed. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand for further proceedings consistent with this memorandum disposition.[1]

We begin with the timeliness of Plaintiffs' appeal in the Comedy.TV Action. Under Federal Rule of Appellate Procedure 4(a)(1)(A), a "notice of appeal . . . must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Where, as here, a judgment must be set out in a separate document under Federal Rule of Civil Procedure 58(a),[2] "entry of the judgment or order" occurs "when the judgment or order is entered in the civil docket . . . and when the earlier of these events occurs: the judgment or order is set forth on a separate document, or 150 days have run from entry of the judgment or order in the civil docket." Fed. R. App. P. 4(a)(7)(A)(ii).

---

[1] We assume familiarity with the facts and procedural history of this case.
[2] Under Rule 58(a): "Every judgment and amended judgment must be set out in a separate document, but a separate document is not required for an order disposing of a motion: (1) for judgment under Rule 50(b); (2) to amend or make additional findings under Rule 52(b); (3) for attorney's fees under Rule 54; (4) for a new trial, or to alter or amend the judgment, under Rule 59; or (5) for relief under Rule 60."

CF Entertainment argues that Plaintiffs' notice of appeal was untimely because the date on which it was filed, July 27, 2017, was more than 30 days from the date on which the district court's remand order was entered in the civil docket, February 13, 2017. As Rule 4(a)(7)(A)(ii) makes clear, however, entry in the docket does not by itself trigger the 30-day period in Rule 4(a)(1)(A). Instead, the order must be set forth on a separate document, or 150 days must run from the date the order is entered. Here, the district court's remand order was not set forth on a separate document, and the 150-day period did not run until July 13, 2017. Because Plaintiffs' notice of appeal was filed within 30 days of that date, the appeal was timely. *See Harmston v. San Francisco*, 627 F.3d 1273, 1281 (9th Cir. 2010).

Moving to Plaintiffs' First Cause of Action for breach of contract, the district court correctly held in both the Comics Unleashed and Comedy.TV Actions that Plaintiffs failed to exhaust the mandatory grievance procedures in the applicable collective bargaining agreement ("CBA"). Plaintiffs argue that the exhaustion requirement has been either satisfied by the settlement agreement or excused by the union's lack of responsiveness. But the settlement agreement resolved only previously accrued claims, and Plaintiffs have not attempted to exhaust the applicable grievance procedures with respect to claims that accrued after the settlement agreement was executed. *See Carr v. Pac. Mar. Ass'n*, 904 F.2d 1313, 1317 (9th Cir. 1990) ("At a minimum, . . . members of the bargaining unit must first

5

turn to the grievance procedures for a remedy."). Accordingly, the district court's dismissal of Plaintiffs' First Cause of Action is affirmed.

Next, with respect to Plaintiffs' Second Cause of Action for violations of section 2802 of the California Labor Code, Plaintiffs do not challenge the district court's decision to dismiss the claim as time barred in both actions. Plaintiffs argue, however, that the district court abused its discretion by failing to grant leave to amend. This Court disagrees. Plaintiffs commenced the Comics Unleashed and Comedy.TV Actions over six years ago, and they have amended their complaints in each action multiple times. "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint," *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989), and Plaintiffs have not left us with a "definite and firm conviction that the district court committed a clear error of judgment," *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

We do hold, however, that the district court erred in the Comics Unleashed Action by dismissing Plaintiffs' Third Cause of Action for failure to provide accurate itemized wage statements under sections 226 and 226.3 of the Labor Code.[3] The

---

[3] CF Entertainment argues as a preliminary matter that Plaintiffs have waived the preemption issue because they failed to address it below. We disagree, however, as "the issue presented is purely one of law and . . . the pertinent record has been fully developed." *Bolker v. Comm'r*, 760 F.2d 1039, 1042 (9th Cir. 1985). CF Entertainment also argues that Plaintiffs' Third Cause of Action is time barred. We

district court held that the Third Cause of Action was preempted by section 301 of the Labor Management Relations Act ("LMRA") because resolution of the claim was "substantially dependent on an analysis of the CBA." As the Ninth Circuit has explained, however, resolution of a state-law claim is "substantially dependent on the terms of a CBA" only where it requires "interpreting," rather than merely "looking to" the CBA. *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1060 (9th Cir. 2007) (internal citations, quotations, and alterations omitted). Although "the distinction between 'looking to' a CBA and 'interpreting' it is not always clear or amenable to a bright-line test," preemption is not warranted "simply because the court may have to consult the CBA to evaluate it." *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 691–92 (9th Cir. 2001), *as amended* (Aug. 27, 2001).

Here, CF Entertainment offers no reason to believe that resolution of the Third Cause of Action requires interpretation of the CBA. To the extent that CF Entertainment has failed to provide Plaintiffs with any wage statements, Plaintiffs' claim is entirely independent of the CBA and is purely a creature of section 226. *Cf. Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1109–12 (9th Cir. 2000). And even to the extent that CF Entertainment has provided Plaintiffs with wage statements that do not accurately reflect the amounts Plaintiffs are owed, it still

---

disagree on this front too, as a new cause of action accrues each time CF Entertainment fails to provide Plaintiffs with accurate itemized wage statements for their residual payments, and these failures are allegedly ongoing.

7

does not follow that interpretation of the CBA is necessary. "A court may be required to read and apply" the provisions of the CBA governing Plaintiffs' compensation, and these provisions may "detail fairly complicated procedures and contain a hefty dose of industry jargon," but the complexity of the analysis does not imply that "*interpretation* of the provisions would be necessary." *Id.* at 1109–10 (emphasis added). Absent evidence that the CBA's "terms [are] reasonably in dispute," *Cramer*, 255 F.3d at 692, we hold that the Third Cause of Action is not preempted.

Because we hold that the district court erred in dismissing the Third Cause of Action, we also hold that it erred in dismissing the Seventh Cause of Action under the Labor Code Private Attorneys General Act ("PAGA"), Cal. Lab. Code § 2698 et seq. The district court dismissed the PAGA claim as derivative of Plaintiffs' statutory claims, all of which were dismissed. With the Third Cause of Action reinstated, the Seventh Cause of Action should be reinstated as well.

Turning to Plaintiffs' Fourth Cause of Action for failure to pay all wages due under sections 201, 202, and 203 of the Labor Code, the district court correctly held in both actions that this claim was barred by the applicable three-year statute of limitations. *See* Cal. Civ. Proc. Code 338(a). Plaintiffs argue that the claim is timely because a new cause of action accrues each time CF Entertainment fails to pay Plaintiffs the residuals that they are owed. The language of the statute makes clear, however, that the cause of action accrues when an employee quits or is terminated.

*See* Cal. Lab. Code §§ 201(a), 202(a). Plaintiffs allege that they worked on Comics Unleashed in April 2007 and on Comedy.TV in May and August 2009, so their claims expired in April 2010 and August 2012, respectively. Given that Plaintiffs did not file either action until December 2012, the Fourth Cause of Action is time barred.

Plaintiffs' Fifth Cause of Action alleges that the union breached its duty of fair representation ("DFR") by failing to timely file Plaintiffs' grievance against CF Entertainment. Plaintiffs allege that the union negligently let lapse the time limit imposed by the CBA on certain claims that Plaintiffs had, thereby precluding Plaintiffs from recovering on those claims. The district court dismissed Plaintiffs' breach of DFR claim on the grounds that the union recovered $1.4 million in its settlement with CF Entertainment, and that Plaintiffs therefore could not "assert that the Union's alleged negligence in delaying the filing of their grievance completely extinguished their rights to pursue their claims." *See Dutrisac v. Caterpillar Tractor Co.*, 749 F.2d 1270, 1274 (9th Cir. 1983) ("[U]nion negligence may breach the duty of fair representation [in] cases in which the individual interest at stake is strong and the union's failure to perform a ministerial act completely extinguishes the employee's right to pursue his claim.").

We disagree with the district court, and we reverse the dismissal of Plaintiffs' breach of DFR claim in the Comics Unleashed and Comedy.TV Actions. Plaintiffs

9

have plausibly alleged that certain claims were completely extinguished by the union's failure to timely file a grievance. That the union may have recovered $1.4 million on other, timely claims does not alter this conclusion. And while the union argues that Plaintiffs were not prejudiced because CF Entertainment waived any timeliness defense it might have had by failing to raise it during negotiations, this is a question of fact that cannot be resolved at the motion to dismiss stage.

In addition to the above claims, Plaintiffs' Sixth Cause of Action brings a freestanding claim for attorneys' fees against both the union and CF Entertainment under California's "catalyst" theory. *See Tipton-Whittingham v. Los Angeles*, 101 P.3d 174, 177 (Cal. 2004). The district court dismissed this claim because Plaintiffs failed to allege that their lawyers or the court was involved in the settlement between the union and CF Entertainment. This Court affirms, but for a different reason: Even assuming, without deciding, that Plaintiffs' request for attorneys' fees may be properly asserted as an independent cause of action, Plaintiffs have failed to identify any applicable fee-shifting statute. Plaintiffs cite no fee-shifting statute in connection with their federal claim against the union, and the fee-shifting statutes they cite in connection with their state law claims against CF Entertainment—sections 226(e), 2699, and 2802 of the Labor Code, and section 1021.5 of the Civil Code—do not provide grounds for relief.

As a final point, Plaintiffs' request for an order of reassignment to a different district court judge is denied. On remand, we leave it to the district court to address the dismissed claims "as appropriate in light of future developments in the case." *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1036 (9th Cir. 2009).

**AFFIRMED** in part, **REVERSED** in part, and **REMANDED**.