NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 16 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TIMOTHY TAYLOR,

        Plaintiff-Appellant,

v.

CITY AND COUNTY OF SAN
FRANCISCO; KEVIN SPORE,

        Defendants-Appellees.

No.   22-16271

D.C. No. 4:20-cv-07692-JSW

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted May 12, 2023**
San Francisco, California

Before:  S.R. THOMAS, CHRISTEN, and BRESS, Circuit Judges.

Timothy Taylor appeals the district court's denial of his motion for leave to amend his complaint brought against his former employer, the San Francisco Department of Public Works (DPW), and Kevin Spore, a DPW supervisor. Taylor

---

     * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

originally sued the defendants for racial discrimination. After discovery closed, the defendants moved for summary judgment. Taylor conceded that his race discrimination claims lacked merit and instead moved for leave to amend his complaint to allege claims of disability discrimination under California's Fair Employment and Housing Act (FEHA), Cal. Gov. Code §§ 12900 *et seq.* The district court denied Taylor's motion for leave to amend. We review that decision for abuse of discretion. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

In deciding whether to grant leave to amend under Federal Rule of Civil Procedure 15(a), courts consider five factors: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (quoting *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)). Although the district court questioned whether Federal Rule of Civil Procedure 16(b)(4) may govern Taylor's request for leave to amend, like the district court we will assume that Rule 15's more lenient standard applies because Taylor's motion fails under Rule 15.

The district court denied leave to amend based on Taylor's delay in filing his motion and the resulting prejudice to the defendants. We find these bases were sufficient, and there was no abuse of discretion. Taylor knew of his disability

2

discrimination claim by at least February 2022, but he did not seek leave to amend until July 2022, after the defendants had moved for summary judgment on Taylor's race discrimination claims and approximately four months after the discovery period has closed. Taylor has not demonstrated that he acted with diligence in moving to amend, and allowing a new theory at this stage would likely require the defendants to engage in additional discovery after the fact discovery period had closed. *See Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint."). Based on Taylor's undue delay and the prejudice to the defendants, the district court did not abuse its discretion in denying leave to amend.

**AFFIRMED.**