**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 21 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PETER ANDREW MCMILLAN,

        Plaintiff - Appellant,

  v.

DOJ - UNITED STATES DEPARTMENT
OF JUSTICE; UNITED STATES DRUG
ENFORCEMENT
ADMINISTRATION; UNITED STATES
MARSHALS SERVICE; UNITED
STATES DEPARTMENT OF LABOR,
Veteran Employment and Training
Service; UNITED STATES OFFICE OF
SPECIAL COUNSEL; PATRICK H.
BOULAY, Chief, USERRA Unit; CHERI
A. OZ, DEA Special Agent in Charge,
Phoenix, AZ; DAVID HORST, DEA
Assistant Special Agent in Charge, Phoenix,
AZ; JEFFREY T. SCOTT, DEA Special
Agent in Charge, Crestwood,
KY; MICHAEL BURKE, DEA Special
Agent Supervisor; CHARLES B. MOORE,
DEA Special Agent
Supervisor; APOLONIO RUIZ, Jr., DEA
Assistant Special Agent in Charge, Phoenix,
AZ; MATTHEW E. DONAHUE, DEA
Deputy Chief of Operations; JAMES N.
NOBY, DEA Assistant Special Agent in

No. 23-3241

D.C. No.
2:22-cv-00174-DLR

MEMORANDUM[*]

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Charge (Ret'd); REINALDO R. LOPEZ, DEA Assistant Special Agent in Charge (Ret'd); GREGORY G. CALAM, DEA Special Agent Supervisor; BROOKE A. DUBOIS, Lawyer, DEA Office of Chief Counsel; WILLIAM G. HUGHES, Lawyer, DEA Office of Chief Counsel; LESLIE K. SCHUMACHER, Lawyer, DEA Office of Chief Counsel; ROBERT DIBELLA, Lawyer, DEA Office of Chief Counsel; MARCIA N. TIERSKY, Lawyer, DEA Office of Chief Counsel; PATRICK J. FORREST, Lawyer, DEA Office of Special Counsel; PATRICIA SYKES, Assistant Director, Virginia Veterans' Employment and Training Service Dept of Labor; TIMOTHY P. CROWLEY, Lawyer, Veterans Employment and Training Service, Dept of Labor OL-VETS; WILLIAM K. TORRANS, Director, Complaint, Veterans Employment and Training Service, Dept of Labor; LUCIUS J. DRAWHORN, Assistant State Director, Oklahoma Veterans Employment and Training Service, Dept of Labor; REBECCA M. KLEIN, Acting Chief Senior Investigator, Veterans Employment and Training Service, Dept of Labor; MAARLA MILLIGAN, Assistant State Director, Michigan Veterans Employment and Training Service, Dept of Labor; RACHEL BAILEY, Senior Investigator, Veterans Employment and Training Service, Dept of Labor; NANCY ISE, Assistant State Director, California Veterans Employment and Training Service, Dept of Labor; VINCENT DEMEDICI, Assistant State Director, Pensylvania Veterans Employment and Training Service, Dept of Labor; PRESTON L. GRUBBS, DEA Principal Deputy

Administrator; GREGORY BALL, DEA
Group Supervisor; DOUGLAS W.
COLEMAN, DEA Special Agent in Charge,

Defendants - Appellees.

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted July 14, 2025[**]

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Peter A. McMillan appeals pro se from the district court's dismissal of his complaint alleging violations of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"); the First, Fourth, and Fifth Amendments under *Bivens*; the Freedom of Information Act ("FOIA"); and the Privacy Act. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the dismissal de novo. *Impossible Foods Inc. v. Impossible X LLC*, 80 F.4th 1079, 1086 (9th Cir. 2023) ("We review de novo the district court's dismissal for lack of personal jurisdiction."); *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1156 (9th Cir. 2007) (de novo review of dismissal for lack of subject matter jurisdiction and for failure to state a claim). We review for abuse of

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

3                                                      23-3241

discretion the denial of leave to amend, and we review the futility of amendment de novo. *Cohen v. ConAgra Brands, Inc.*, 16 F.4th 1283, 1287 (9th Cir. 2021).

The district court properly dismissed for lack of personal jurisdiction the nonresident individual defendants, because McMillan did not sufficiently allege that they took actions within or aimed at the forum state. *See Impossible Foods*, 80 F.4th at 1088 ("[T]o be subject to specific jurisdiction the defendant must purposefully direct its activities toward the forum state, purposefully avail itself of the privileges of conducting activities there, or engage in 'some combination thereof.'" (quoting *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (en banc))).

The district court properly dismissed for lack of subject matter jurisdiction McMillan's USERRA claim. *See* 38 U.S.C. § 4324 (USERRA claims against the federal government must be presented to the Merits Systems Protection Board, with a right to appeal to Federal Circuit).

The district court properly dismissed McMillan's *Bivens* claims for failure to state a claim. The claims arise in a new context for *Bivens*, and special factors— including the existence of an alternative congressionally created remedy—counsel against expanding *Bivens* to this new context. *See Harper v. Nedd*, 71 F.4th 1181, 1186–88 (9th Cir. 2023); *see also Egbert v. Boule,* 596 U.S. 482, 499 (2022) (holding that "there is no *Bivens* action for First Amendment retaliation").

The district court properly dismissed McMillan's FOIA claims for failure to state a claim, because he does not supply sufficient factual allegations to discern what action the agency took as to any particular FOIA request, or whether he administratively appealed any denials or redactions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (plaintiff must do more than suggest "a sheer possibility that a defendant has acted unlawfully"); *see also Aguirre v. U.S. Nuclear Regul. Comm'n*, 11 F.4th 719, 725 (9th Cir. 2021) ("A requestor dissatisfied with an agency's response" to a FOIA request "can challenge it in court but must first exhaust available administrative remedies, including an appeal within the agency.").

The district court properly dismissed McMillan's Privacy Act claim against individual defendant Cheri Oz. *Schowengerdt v. Gen. Dynamics Corp.*, 823 F.2d 1328, 1340 (9th Cir. 1987) (the federal agency, not an individual employee, "is the only proper party" to a Privacy Act suit). To the extent that McMillan now contends that he also alleged Privacy Act violations by federal agency defendants, his complaint does not contain sufficient factual allegations to state a claim. *See Iqbal*, 556 U.S. at 678.

The district court did not abuse its discretion by dismissing the complaint without leave to amend. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (previous amendments and futility of amendment weigh against

23-3241

granting leave to amend).  McMillan does not point to any additional facts he might have alleged to support his conclusory allegations.  *Armstrong v. Reynolds*, 22 F.4th 1058, 1086 (9th Cir. 2022) (dismissal without leave to amend is proper when "[i]t is clear, upon de novo review, that the complaint could not be saved by any amendment" (quoting *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma County*, 708 F.3d 1109, 1118 (9th Cir. 2013))).

**AFFIRMED.**