142 F.3d 444
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerome NAVA, Plaintiff-Appellant
v.
COUNTY OF CONTRA COSTA, Mark Finucane, Charles Deutschman,
Defendants-Appellees.
 No. 97-15776.
D.C. CV-94-02127-SC/WDB.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 11, 1998.
Decided April 23, 1998.
 
 1
 Appeal from the United States District Court for the Northern District of California. Samuel Conti, District Judge, Presiding.
 
 
 2
 Before FERGUSON and THOMAS, Circuit JJ, and MOLLOY, District Judge.**
 
 
 3
 MEMORANDUM*
 
 
 4
 Because the parties are familiar with the factual and procedural history of this case, we will not recount it here. We have carefully reviewed the record and the parties' briefs. Based on that review, we hereby affirm the District Court's dismissal of Nava's substantive due process and equal protection claims, its evidentiary rulings at the trial on Nava's claims under California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12,900-12,995, and its denial of Nava's request for a new trial based on jury misconduct.
 
 
 5
 This Court reviews de novo Rule 12(c) judgments on the pleadings. McGann v. Ernst & Young, 102 F.3d 390, 392 (9th Cir.1996, cert. denied, --- U.S. ----, 117 S.Ct. 1460, 137 L.Ed.2d 564 (1997); Marx v. Loral Corp., 87 F.3d 1049, 1053 (9th Cir.1996); Merchants Home Delivery Serv. v. Hall & Co., 50 F.3d 1486, 1488 (9th Cir.1995).
 
 
 6
 Individual defendants Finucane and Deutschman are immune from suit if their actions were legislative in nature. The Supreme Court has recently held that "[w]hether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it." Bogan v. Scott-Harris, --- U.S. ----, 118 S.Ct. 966, 973, --- L.Ed.2d---- (1998). Therefore, even if Deutschman and Finucane's true motive for recommending the elimination of Nava's position were discrimination, they could be immune if the act itself was legislative. In Bogan, a mayor was immune from a Section 1983 suit where he had recommended to the City Council the elimination of the Department of Health and Human Services, of which plaintiff was the sole employee. Id. at 969, 973. Finucane and Deutschman's action in recommending the elimination of Nava's position is indistinguishable from the act considered to be legislative in Bogan. They are thus immune from suit for this action.
 
 
 7
 The Supreme Court has refused to extend Eleventh Amendment immunity to political subdivisions such as counties and municipalities. Lake County Estates v. Tahoe Planning Agency, 440 U.S. 391, 401, 99 S.Ct. 1171, 59 L.Ed.2d 401 (1979). Nevertheless, Nava's substantive due process claim against the County fails as well. Public employees have a constitutionally protected property interest in continued employment when they can show a legitimate claim of entitlement to the job. Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). An important factor in determining whether a public employee has a legitimate claim of entitlement to continued employment is the extent to which the governmental decision maker is constrained by "particularized standards or criteria." Allen v. City of Beverly Hills, 911 F.2d 367, 370 (9th Cir.1990). Nava has failed to show that the County Personnel Management Regulations created a property interest in his continued employment and his substantive due process claim was therefore properly dismissed.
 
 
 8
 Nava's equal protection claim fails because he did not allege that his discharge was due to his membership in the class which he defined. "[T]he decision maker [must have] selected or reaffirmed a course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." Huebschen v. Department of Health and Soc. Serv., 716 F.2d 1167, 1171 (7th Cir .1983) (quoting Personnel Adm'r of Mass. v. Feeney, 442 U.S. 256, 279, 99 S.Ct. 2282, 60 L.Ed.2d 870 (1979)).
 
 
 9
 Evidentiary rulings are reviewed for abuse of discretion and should not be reversed absent some prejudice. EEOC v. Pape Lift, Inc., 115 F.3d 676, 680 (9th Cir.1997); Masson v. New Yorker Magazine, Inc., 85 F.3d 1394, 1399 (9th Cir.1995); City of Long Beach v. Standard Oil Co., 46 F.3d 929, 936 (9th Cir.1995); Monotype Corp. PLC v. International Typeface Corp., 43 F.3d 443, 448 (9th Cir.1994). Rulings on the admissibility of scientific evidence under Federal Rule of Evidence 702 are also reviewed for abuse of discretion. Lust v. Merrell Dow Pharm., Inc., 89 F.3d 594, 596 (9th Cir.1996). The District Court's evidentiary rulings did not rise to the level of an abuse of discretion.
 
 
 10
 Finally, the Court does not agree that the exchange of notes between the District Court and the jury indicate that the jury engaged in misconduct by considering damage elements in its liability determination. Furthermore, the record shows that counsel for Nava agreed to the trial court's responses.
 
 
 11
 The District Court's rulings are therefore AFFIRMED in all respects.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3
 
 
 **
 Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation