145 F.3d 1337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Colin P. COLEMAN; Joanne K. Coleman, husband and wife;
American Pacific Housing Development Corporation,
an Oregon Corporation, Plaintiffs-Appellants,
v.
Rey RAMSEY, an individual; Roz Liebe, an individual; Stephen
Gordon, an individual, Defendants-Appellees.
 No. 97-35218.
D.C. No. CV-95-1040-JJ.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1998.**
Decided May 13, 1998.
 
 Appeal from the United States District Court, for the District of Oregon, John Jelderks, Magistrate Judge, Presiding.
 Before HAWKINS, THOMAS, and SILVERMAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Colin and Joanne Coleman and American Pacific Housing Development Corporation ("the Colemans") appeal the district court's grant of summary judgment in favor of Rey Ramsey and other employees of the Oregon Housing and Community Services Department ("the Department"). The Colemans bring a 42 U.S.C. § 1983 action alleging that the Department violated their Fifth Amendment and Fourteenth Amendment due process rights in denying their lender's application for tax credits under the Oregon Lenders Tax Credit Program ("the Program").[1] The Program gives tax credits to lenders who loan money at reduced rates to builders of low-income housing. We AFFIRM.
 
 I.
 
 3
 The Colemans argue that their procedural due process rights were violated when the Program denied tax credits to their lender and that they had a protected property interest in the tax credits under Oregon law. See Or.Rev.Stat. 317.097; Or.Admin. Rules, chapter 813, Division 110. This argument fails under Sierra Lake Reserve v.. City of Rocklin, 938 F.2d 951, vacated in part on other grounds, 987 F.2d 662, 663 (9th Cir.1993) (vacating Part I of the opinion in response to Yee v. City of Escondido, 503 U.S. 519, 112 S.Ct. 1522, 118 L.Ed.2d 153 (1992), and retaining Part II "because the due process and equal protection claims it considered are unaffected by Yee.").
 
 
 4
 Even assuming that the Colemans had some vested property interest in the tax credits under prior law, see Or.Rev.Stat. 317.097 (1992), they "received all the process due" when the state legislature "discharged their legislative responsibilities in the manner prescribed by law" by amending the statute at issue and making it retroactive. See Oregon Laws 1993, chapter 813, § 9; Sierra Lake, 938 F.2d at 957. See also Halverson v. Skagit County, 42 F.3d 1257, 1261 (9th Cir.1995).
 
 
 5
 The amended statute gives the Department broad discretion in allocating tax credits, adding a provision that the Department should "attempt" to distribute the tax credits statewide but shall concentrate tax credits in areas of the state with the greatest need for affordable housing. See Or.Rev.Stat. 317.097(6)(a). Both the original and revised statutes provide that the Department may certify eligible loans if the monies provided by those loans do not exceed the funding cap. See id. Finally, the revised administrative rules promulgated thereunder change the approval process to an entirely discretionary procedure. See Or.Admin.R., chapter 813, Division 110 (1996). The Colemans do not contest that the revised statute and administrative rules give the Department discretion so broad that they could have no property interest under the revised statute.[2] "[A] statute will create an entitlement to a governmental benefit either if the statute sets out conditions under which the benefit must be granted or if the statute sets out the only conditions under which the benefit may be denied." City of Santa Clara v. Andrus, 572 F.2d 660, 676 (9th Cir.1978). See also Allen v. City of Beverly Hills, 911 F.2d 367, 370 (9th Cir.1990) ("Whether an expectation of entitlement is sufficient to create a property interest will depend largely upon the extent to which the statute contains mandatory language that restricts the discretion of the decisionmaker.") (citation omitted). Because the amended, discretionary statute applies retroactively to "loans made in tax years beginning on or after January 1, 1993," see Oregon Laws 1993, chapter 813, § 9,[3] the amended statute is retroactively applicable to this case.[4]
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36.3
 
 
 [1]
 Because we affirm on other grounds, we assume, for purposes of this appeal only, that the Colemans have standing to bring suit against the Department. If we were to consider the issue, however, we would have serious doubts whether they have standing
 
 
 [2]
 Thus, even if the Colemans had a vested property interest before the statute was amended, "[p]roperty rights to public benefits are defined by the statutes or customs that create the benefits. Where, as here, the statute authorizing the benefits is amended or repealed, the property right disappears." Austin v. City of Bisbee, 855 F.2d 1429, 1436 (9th Cir.1988) (quoting Jones v. Reagan, 748 F.2d 1331, 1338-39 (9th Cir.1984))
 
 
 [3]
 The Colemans applied for certification after January 1, 1993, and their loan would have issued after that date
 
 
 [4]
 The Colemans argue in their reply brief that retroactive application of the statute violates due process. Because this argument was not raised in their opening brief, it is waived. See Federal Deposit Insurance Corp. v. Garner, 125 F.3d 1272, 1280 (9th Cir.1997)