William WOLLRAB, On behalf of himself and all others similarly situated; Plumbers & Pipefitters National Pension Fund; Louis V. Imundo; Gary Gelman; Ilene Armour; Stanley Sved; Philip G. Fisher; Pilar M. Fisher; Sarah Mateski, Plaintiffs,

and

Policemen's Annuity and Benefit Fund of Chicago, Plaintiff—Appellant,

v.

SIEBEL SYSTEMS, INC.; Thomas M. Siebel; Kenneth A. Goldman; R. David Schmaier, Defendants—Appellees.

No. 06–15129.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2007.

Filed Dec. 21, 2007.

Daniel E. Bacine, Esq., Barrack, Rodos & Bacine, Philadelphia, PA, Stephen R. Basser, Esq., Mark R. Rosen, Esq., Barrack, Rodos and Bacine, John L. Haeus-

sler, San Diego, CA, for Plaintiff–Appellant.

Michael D. Torpey, Esq., Orrick Herrington & Sutcliffe, LLP, San Francisco, CA, Kathleen M. Sullivan, Esq., Quinn Emanuel Urquhart Oliver & Hedges, LLP, Redwood Shores, CA, for Defendants–Appellees.

Before: KOZINSKI, Chief Judge, COWEN,* and HAWKINS, Circuit Judges.

## MEMORANDUM **

We affirm the district court's dismissal of Appellant's securities fraud class action complaint against Siebel Systems, Inc. ("Siebel") for failure to satisfy the heightened pleading requirements of the Private Securities Litigation Reform Act.

■ Even if Siebel's statements about the Siebel 7 software were more than mere puffery, Appellant did not plead sufficient facts to give rise to a strong inference that Siebel knew of problems with the Siebel 7 at the time that the company was touting the product. *See Ronconi v. Larkin*, 253 F.3d 423, 432 (9th Cir.2001) ("Honest optimism followed by disappointment is not the same as lying or misleading with deliberate recklessness.")

■ In addition, even assuming Siebel did intentionally "push" some deals into the first quarter of 2002, its results for that quarter were not misleading because Siebel warned that its January sales were unusually strong and not likely to be repeated, thus negating any impact of the "revenue cushioning" Siebel was allegedly trying to accomplish. *See In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1085 (9th Cir.2002). Nor were Siebel's statements that the quarter would be "as challenging" as the first quarter false or misleading simply because the results wound up being lower.

■ Furthermore, although Appellant illustrates various methodological problems with the customer satisfaction survey, it does not sufficiently plead facts giving rise to a strong inference that Siebel *knew* of those design flaws when announcing the results. As the district court noted, most of Siebel's conduct regarding the survey was also consistent with good business practices. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, — U.S. ——, 127 S.Ct. 2499, 2509–10, 168 L.Ed.2d 179 (2007) (court must consider plausible opposing explanations as well as inferences favoring the plaintiff). Although it was arguably misleading to represent that the survey was conducted by an "independent" company, the complaint does not state sufficient facts regarding the actual interest Siebel held in the survey company, whether the "independent" representation was materially misleading or, more importantly, how this relationship affected the survey itself.

The district court did not err in describing this as a case in which the whole is not greater than the sum of the parts; that is, even considered in its entirety, the complaint does not give rise to a strong inference of scienter. *Tellabs*, 127 S.Ct. at 2509. Appellant does not point to any specific, additional, relevant information

---

* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

that it could supply if given an opportunity to amend, and we conclude that the district court did not abuse its discretion by dismissing the complaint with prejudice. *See Allen v. City of Beverly Hills,* 911 F.2d 367, 373 (9th Cir.1990); *ATSI Comm. v. Shaar Fund, Ltd.,* 493 F.3d 87, 108 (2d Cir.2007).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.