

FILED

NOT FOR PUBLICATION

DEC 11 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

BERNARD MITCHELL and S.
MITCHELL, Trustee of the BSM Living
Trust,

Plaintiffs - Appellants,

v.

ONE WEST BANK, FSB and
DEUTSCHE BANK NATIONAL TRUST
COMPANY,

Defendants - Appellees.

No. 11-16339

D.C. No. 3:10-cv-04207-JSW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted December 7, 2012[**]
San Francisco, California

Before: SILVERMAN, GOULD, and CHRISTEN, Circuit Judges.

Bernard Mitchell appeals from the district court's order dismissing his

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

amended complaint without leave to amend. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion the denial of leave to amend. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). We affirm.

The district court did not abuse its discretion by dismissing Mitchell's amended complaint without leave to amend. *See Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (per curiam). The defendants moved to dismiss the federal claims with prejudice, providing Mitchell with notice that his entire complaint, including the pendant state law claims, could be dismissed without leave to amend. Leave to amend is to be freely granted, *see* Fed. R. Civ. P. 15(a)(2), but the district court properly determined that Mitchell could not state a claim under the Fair Debt Collection Practices Act; therefore, amendment would have been futile. Mitchell did not give the district court any indication that he intended to bring an entirely new federal claim. *See Cook*, 911 F.2d at 247 (district court did not abuse its discretion by denying leave to amend to add other federal claims where plaintiff did not indicate it had additional claims to bring); *see also Allen*, 911 F.2d at 373–74.

In his opening brief, Mitchell did not challenge the district court's order denying his motion for post-judgment relief under Fed. R. Civ. P. 59(e) and 60(b). *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[A]rguments not raised

by a party in its opening brief are deemed waived.")  Even if he had not waived

this argument, Mitchell's claims for relief under Rules 59(e) and 60(b) are

unavailing.

     **AFFIRMED.**