NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 30 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD SUTHERLAND, as Assignee of Nigel Allen; as Assignee of Fred Pilster; as Assignee of Sal Ruiz; as Assignee of Judith Lavendar; ANTHONY MALFATTI, Individually, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> THOMAS E. FRANCIS, <br><br> Defendant - Appellee. | No. 14-15438 <br><br> D.C. No. 5:12-cv-05110-LHK <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Argued and Submitted March 16, 2016
San Francisco, California

Before: FERNANDEZ, GOULD, and FRIEDLAND, Circuit Judges.

Plaintiffs appeal from the district court's judgment dismissing for failure to

state a claim their diversity action alleging contract claims under California law.

We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, reverse in part,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

and remand.

The district court properly dismissed Plaintiffs' action because Plaintiffs failed to allege facts sufficient to show the breach of an oral sales contract. *See Walsh v. W. Valley Mission Cmty. Coll. Dist.*, 78 Cal. Rptr. 2d 725, 733 (Cal. Ct. App. 1998) (setting forth elements of a breach of contract claim); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiffs allege that they purchased only fractional interests in certain heavy machinery. Although the California Commercial Code specifically provides for "sale of a part interest in existing identified goods," Cal. Com. Code § 2105(3), Plaintiffs have not adequately alleged facts showing that the alleged oral contracts involved the sale of goods because such a sale requires the passing of title from the seller to the buyer for a price.[1] *See id.*; *see also* Cal. Com. Code § 2106 (defining "sale"); Cal. Com. Code § 2401(3) (providing for how title passes). While factual allegations must be accepted as true, legal conclusions—such as Plaintiffs' bare assertion that each

---

[1] A transaction in the form of a sale that really is "intended to operate only as a security transaction" is not covered by the California Commercial Code's sales division. Cal. Com. Code § 2102. Thus, as the district court correctly recognized, Plaintiffs cannot state a claim for breach of a contract for the sale of goods by alleging a failure to abide by promises to pay interest or return principal.

2

contract with Defendant was a "sale of goods pursuant to the provisions of the Uniform Commercial Code"—are not entitled to an assumption of truth. *Iqbal*, 556 U.S. at 679. The district court thus properly dismissed Plaintiffs' claims because, among other things, Plaintiffs had not alleged that they had taken or were supposed to take title to the machinery pursuant to the oral contracts, or how Defendant breached the agreements by not transferring title to Plaintiffs.

The district court erred, however, in denying leave to amend on the ground that amendment would be futile. "Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment." *Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 972 (9th Cir. 2010) (quoting *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004)).

At this point in the proceedings, although Plaintiffs' ability to save their claims by amendment is far from certain, it is not clear that they lack that ability.[2]

---

[2] The district court appears to have believed that Plaintiffs had had two opportunities to remedy their pleading defects, which might have supported a conclusion that Plaintiffs could not allege new facts. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990) (failure to supply new facts within an amended complaint supports a denial of further leave to amend). At the time of dismissal, however, the district court had given Plaintiffs only one chance to amend to cure defects. Plaintiffs amended their original complaint within twenty-

Defendant does not dispute that types of machinery Plaintiffs discuss in their complaint may be considered "goods." Plaintiffs identified, by specific vehicle identification numbers, the machinery to which they allegedly contracted. The only issue is whether Plaintiffs can allege that they contracted with Defendant to purchase partial interests in these goods.[3] Plaintiffs' counsel represented on appeal that Plaintiffs could allege that they were to receive an assignment of title for their interests in the machinery, and that written bills of sale reflecting fractional ownership interests could be attached to an amended pleading.

To survive dismissal on remand, Plaintiffs must allege and have factual support for their contention that Defendant was supposed to transfer title to partial interests in the machinery to Plaintiffs before Defendant was to resell the pieces of equipment but Defendant did not do so.

---

one days of serving it merely to add a party, prior to Defendant's motion to dismiss or any ruling by the court. *See* Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading once as a matter of course within: (A) 21 days after serving it[.]").

[3] There is no statutory requirement under California's Commercial Code that full title to goods must pass from the buyer to the seller. Cal. Com. Code § 2105(3); *see also Leal v. Holtvogt*, 702 N.E.2d 1246, 1255 (Ohio Ct. App. 1998) (concluding that the sale of a half-interest in a horse is a sale of goods under the Uniform Commercial Code).

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**