**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES J. JEREMIAH, | No. 14-35172 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-01071-RAJ |
| v. | |
| STEVE LINCOLN; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted September 27, 2016**

Before:    TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

James J. Jeremiah appeals pro se from the district court's summary judgment

in his action alleging federal and state law claims. We have jurisdiction under 28

U.S.C. § 1291. We review de novo. *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d

262, 265 (9th Cir. 1991). We affirm.

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment because Jeremiah failed to meet his burden of "produc[ing] specific evidence, through affidavits or admissible discovery material, to show that a dispute exists." *Id.* (citing Fed. R. Civ. P. 56(e)).

The district court did not abuse its discretion in denying Jeremiah's Rule 60(b) motion seeking to vacate summary judgment because Jeremiah did not demonstrate any grounds warranting such relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief).

The district court did not abuse its discretion in denying Jeremiah's motions to amend his complaint because his first motion failed to comply with local rules and his proposed second amended complaint presented no new facts that could not have been presented in the operative first amended complaint. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373-74 (9th Cir. 1990) (setting forth standard of review and explaining that a district court does not abuse its discretion in denying leave to amend a complaint when the plaintiff "presented no new facts . . . and provided no satisfactory explanation for his failure to fully develop his contentions originally" (citations and internal quotation marks omitted); *see also Ascon Props., Inc. v. Mobil Oil Co.,* 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district

court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.").

The district court did not abuse its discretion by denying Jeremiah's motion for default judgment against Larry Mitchell because Jeremiah failed to make a showing justifying the entry of default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (setting forth standard of review and factors for entry of default judgment).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

All pending motions and requests are denied.

**AFFIRMED.**

14-35172