NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HONG JACQUELINE NGUYEN GARDNER, Trustee of Avalon Nguyen Gardner Trust UTA Dated 8/17/2010<br><br>Plaintiff-Appellant,<br><br>v.<br><br>CHEVRON CAPITAL CORPORATION, DBA Chevron Texaco Capital Corporation<br><br>Defendant-Appellee. | No. 16-16911<br><br>D.C. No. 3:15-cv-01514-JD<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Argued and Submitted March 15, 2018
San Francisco, California

Before: WATFORD and FRIEDLAND, Circuit Judges, and RAKOFF,** Senior District Judge.

Plaintiff Hong Jacqueline Nguyen Gardner appeals the district court's

dismissal, with prejudice, of her claims under the Comprehensive Environmental

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Jed S. Rakoff, Senior United States District Judge for the Southern District of New York, sitting by designation.

Response, Compensation and Liability Act ("CERCLA"). CERCLA allows private parties to recover the costs of cleaning up contamination caused by polluters. *See generally* 42 U.S.C. § 9607(a). Gardner claims that her property was contaminated by a gas station that defendant allegedly operated there until 1973. Specifically, Gardner alleges that the gas station left both "unadulterated petroleum fractions and those which have been contaminated during use" in her soil. Gardner attached to her complaint a "Site Investigation Report and Closure Request" ("Site Report") that Chevron submitted to the Alameda County Environmental Health Department in 2014 and incorporates its findings in her complaint.

To survive a motion to dismiss, a plaintiff bringing suit under CERCLA must plausibly allege, *inter alia*, that the relevant contaminant is a "hazardous substance" as defined in § 9601(14). That section of CERCLA contains a so-called "petroleum exception," under which "petroleum, including crude oil or any fraction thereof which is not otherwise specifically listed or designated as a hazardous substance" is not a hazardous substance for which plaintiffs can recover. *Id.* "If a specifically listed hazardous substance is indigenous to petroleum and is present as a result of the release of petroleum, such substance will fall within the petroleum exclusion *unless* it is present at a concentration level that exceeds the concentration level that naturally occurs in the petroleum product." *Cose v. Getty Oil Co.*, 4 F.3d 700, 704 (9th Cir. 1993). Such indigenous petroleum substances

2

include xylene. *See Wilshire Westwood Assocs. v. Atl. Richfield Corp.*, 881 F.2d 801, 803, 810 (9th Cir. 1989).

We review *de novo* the district court's dismissal for failure to state a claim. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). We accept as true all plausible allegations of material fact and construe them in the light most favorable to the plaintiff. "We are not, however, required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.*

The district court determined, and our *de novo* review confirms, that Gardner has not stated a claim because she has plausibly alleged pollution of her soil only by substances that fall within the petroleum exception. Gardner argues on appeal that the district court erred by holding that xylene from sources other than petroleum, contaminated petroleum, and contaminated recycled oil and hydraulic fluid fall under the petroleum exception.[1] But the district court did not so hold; it instead correctly found that Gardner's conclusory allegations as to the presence of these pollutants were not plausible. Gardner stated that "[t]he xylene is a non-

---

[1] We have not yet addressed whether substances that would otherwise fall under the petroleum exception no longer do if they are contaminated. *See Wilshire Westwood Assocs.*, 881 F.2d at 805 n.5. We need not reach that question here.

petroleum source," but the xylene identified in the Site Report was found in the context of petroleum pollution from the gas station, and she offers no other allegations about how defendant caused the xylene to be in the soil. Likewise, Gardner asserted that she found "hydraulic fluids [and] recycled oil products" that were "contaminated during use," but she offers no details about what contaminants were in those substances, nor how they came to be contaminated. Nor does Gardner offer any details to support her claim that the petroleum found on her property was itself contaminated. The lack of detail renders her claim implausible, particularly in light of the fact that none of the studies that she attaches to her complaint and on which she relies found such contaminants. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007) (explaining that a complaint must contain "enough facts to state a claim to relief that is plausible on its face"). Dismissal of Gardner's CERCLA claims was therefore appropriate.

Gardner also appeals the district court's decision to dismiss her CERCLA claims with prejudice. Although leave to amend should be freely given, Fed. R. Civ. P. 15(a), "repeated failure to cure deficiencies by amendments previously allowed" justifies dismissal with prejudice, *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Sisseton–Wahpeton Sioux Tribe v. United States,* 90 F.3d 351, 355 (9th Cir. 1996) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." (quoting

4

*Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990))). This was Gardner's third attempt to state a claim, and she twice received specific instruction from the district court regarding the deficiencies in her pleadings. Yet she is no closer now to curing those deficiencies than she was on her first attempt. Moreover, Gardner's counsel made clear at oral argument that plaintiff has no good faith basis to make any new allegations that could cure these deficiencies. The district court therefore did not abuse its discretion by denying leave to amend.

**AFFIRMED.**