# FILED

**NOT FOR PUBLICATION**

MAY 11 2018

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RIZALDE SANTOS,<br><br>    Plaintiff–Appellant,<br><br>  v.<br><br>OCWEN LOAN SERVICING, LLC, operates as a subsidiary of Ocwen Financial Corp in the State of Florida; Successor Ocwen Federal Bank FSB; WELLS FARGO HOME MORTGAGE, LLC, DBA Wells Fargo Bank National Trust Association, South Dakota corporation; HOMEWARD RESIDENTIAL, INC., AKA American Home Mortgage Servicing, Inc.,<br><br>    Defendants–Appellees. | No.   17-15186<br><br>D.C. No. 5:16-cv-01197-HRL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Howard R. Lloyd, Magistrate Judge, Presiding

Submitted April 13, 2018[**]
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Before: KLEINFELD, W. FLETCHER, and TALLMAN, Circuit Judges.

Rizalde Santos sued his current mortgage loan servicer, Ocwen Loan Servicing, as well as his mortgage lender and previous loan servicing company. He seeks to quiet title to his house and alleges breach of contract, breach of the implied covenant of good faith and fair dealing, and violations of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601–2617. The district court dismissed his amended complaint for failure to state a claim. It denied further leave to amend.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** Santos claims that the defendants breached an oral agreement to lower his mortgage payments. The statute of frauds bars that claim. Secrest v. Sec. Nat. Mortg. Loan Tr. 2002-2, 84 Cal. Rptr. 3d 275, 282 (Ct. App. 2008). California Civil Code § 1698(c) does not apply because the deed of trust expressly prohibits oral modifications. Raedeke v. Gibralter Savings & Loan Association, 517 P.2d 1157 (Cal. 1974) (in bank), is not applicable to the oral agreement because the oral agreement was not "executed." See id. at 1161–62; Fanucchi & Limi Farms v. United Agri Prods., 414 F.3d 1075, 1080–81 (9th Cir. 2005).

2

Neither promissory estoppel nor equitable estoppel prevents the defendants from asserting the statute of frauds. Santos does not plead facts plausibly suggesting "unconscionable injury or unjust enrichment." Jones v. Wachovia Bank, 179 Cal. Rptr. 3d 21, 28 (Ct. App. 2014). Similarly, he does not plead facts plausibly suggesting that he relied on the defendants' promise to his detriment or that he was otherwise harmed by their alleged breach. See id. at 28–32; Lueras v. BAC Home Loans Servicing, LP, 163 Cal. Rptr. 3d 804, 829 (Ct. App. 2013) (discussing detrimental reliance in the context of a fraud claim); see also Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

**2.** Because the oral agreement is unenforceable, Santos's claim for breach of the implied covenant of good faith and fair dealing fails. See McClain v. Octagon Plaza, LLC, 71 Cal. Rptr. 3d 885, 897 (Ct. App. 2008).

**3.** Santos claims that Ocwen violated the Real Estate Settlement Procedures Act by not responding to two "qualified written requests." 12 U.S.C. § 2605(e). But Santos did not send his letters to the address that Ocwen set up for receiving qualified written requests, so Ocwen was not obligated to respond to them. See 12

C.F.R. § 1024.36(b); see also, e.g., Bivens v. Bank of Am., N.A., 868 F.3d 915, 919, 921 (11th Cir. 2017) (interpreting a similar regulation).

**4.** Santos has not tendered payment of the full amount of his mortgage debt, so he cannot bring a quiet title action. Lueras, 163 Cal. Rptr. 3d at 835–36. The cases he relies upon, see Fonteno v. Wells Fargo Bank, N.A., 176 Cal. Rptr. 3d 676, 689 (Ct. App. 2014) and Pfeifer v. Countrywide Home Loans, Inc., 150 Cal. Rptr. 3d 673, 697 (Ct. App. 2012), do not apply because no steps have been taken to foreclose under Santos's deed of trust.

**5.** The district court did not abuse its discretion in denying leave to amend. It would have been futile to let Santos amend his breach of contract, bad faith, and statutory claims, and Santos failed to cure the defect in his quiet title claim related to tender in his first amended complaint. See Allen v. City of Beverly Hills, 911 F.2d 367, 373–74 (9th Cir. 1990).

**AFFIRMED.**[1]

---

[1] The Appellees' Motion for Judicial Notice is DENIED as moot.