NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 25 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANTHONY JAMES MERRICK,

Plaintiff - Appellant,

v.

KENNETH HERMAN, Administrator of
the Religious and Volunteer Services for the
Arizona Department of Corrections,
Rehabilitation and Reentry, in his official
and individual capacities,

Defendant - Appellee.

No. 24-4464

D.C. No. 2:23-cv-00403-SPL-MTM

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted April 22, 2025**

Before:    GRABER, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Arizona state prisoner Anthony James Merrick appeals pro se from the

district court's judgment dismissing his action alleging claims under 42 U.S.C.

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1983 and the Religious Land Use and Institutionalized Persons Act arising from the denial of religious accommodations in prison. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(c) and on the basis of claim preclusion. *Harris v. County of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012). We affirm.

The district court properly dismissed Merrick's action because Merrick raised, or could have raised, his claims in a prior federal action, which involved the same parties or their privies and resulted in a final judgment on the merits. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (setting forth the elements of claim preclusion under federal law).

The district court did not abuse its discretion in denying Merrick's motions to amend or supplement his complaint, for injunctive relief in the form of additional legal resources, for appointment of counsel, for recusal of the magistrate judge and district judge, and for a stay of the district court's scheduling order because Merrick failed to establish a basis for such relief. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and "exceptional circumstances" requirement for appointment of counsel); *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (setting forth standard of review and requirements for injunctive relief); *United States v. Hernandez*, 109 F.3d 1450, 1453-54 (9th Cir. 1997) (setting forth standard

of review and standards for recusal of judges); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-10 (9th Cir. 1992) (setting forth standard of review and "good cause" requirement to modify a scheduling order, including to file untimely pleadings); *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (setting forth standard of review and factors used to assess the propriety of a motion for leave to amend).

We reject as unsupported by the record Merrick's contentions that the district court was biased against him.

**AFFIRMED.**